## ROBERT CHRISTOPHER HENRY

v.

## R. K. CHEVROLET, INC.

April 20, 1979.

Record No. 771357.

Present: All the Justices.

*Albert L. Fary, Jr.,* for appellant.

No brief or argument for appellee.

PER CURIAM.

The narrow issue here is whether an oral misrepresentation of the model of a motor vehicle by a seller to a buyer constitutes a violation of Virginia Code § 18.2-216, and thereby gives rise to a cause of action for damages under Code § 59.1-68.3.

Robert Christopher Henry filed his motion for judgment in the lower court alleging that he purchased two Chevrolet vans from R. K. Chevrolet, Inc., relying upon an oral representation made by the corporation's salesman that the vehicles were 1972 models. The vans were in fact 1971 models, and Henry seeks to recover damages plus costs and attorney's fee. The court below sustained defendant's demurrer to the motion upon the ground "that the oral representations made by the defendant do not come under the specified Code Section and that it [*sic*] was made solely to the plaintiff, and therefore not 'disseminated to the public'".

In this case Henry seeks to recover only upon the ground that Chevrolet has violated a criminal statute and thereby has triggered the operation of the penalty provided in § 59.1-68.3. The trial court commented that, while in its opinion the motion for judgment may have stated a cause of action, it did not state a cause of action under the two quoted sections of the Code. The court held that because the plaintiff chose to proceed solely upon the basis of the subject statutes (which include the right to recover attorney's fees) and indicated no desire to amend, the demurrer was being sustained.

Code § 18.2-216 is found under an article in the Code of Virginia which is entitled "Misrepresentations and Other Offenses Connected With Sales". The section involved is captioned "Untrue, deceptive or misleading advertising, inducements, writing or document", and, in pertinent part, provides:

> Any person, firm, corporation or association who, with intent to sell or in anywise dispose of merchandise, securities, service or anything offered by such person, firm, corporation or association, directly or indirectly, to the public

for sale or distribution or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly to be made, published, disseminated, circulated or placed before the public, in a newspaper or other publications, or in the form of a book, notice, handbill, poster, blueprint, map, bill, tag, label, circular, pamphlet or letter or in any other way, an advertisement of any sort regarding merchandise, securities, service, land, lot or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor.

The violation of Code § 18.2-216 is not only a criminal offense punishable as a misdemeanor, but it subjects the defendant to an action for damages by any person who suffers loss as the result of such violation. The recovery is the amount of damages sustained, or $100, whichever is greater, together with reasonable attorney's fees which may be awarded. Code § 59.1-68.3 (Cum. Supp. 1978), in pertinent part, reads:

**Action for damages or penalty for violation of article 8, chapter 6 of Title 18.2 or chapter 2.1 of Title 59.1; attorney's fees.** — Any person who suffers loss as the result of a violation of article 8 (§ 18.2-214 et seq.) chapter 6 of Title 18.2 or chapter 2.1 (§ 59.1-21.1 et seq.) of Title 59.1 of this Code shall be entitled to bring an individual action to recover damages, or one hundred dollars, whichever is greater. . . . Notwithstanding any other provision of law to the contrary, in addition to the damages recovered by the aggrieved party, such person may

be awarded reasonable attorney's fees. (1973, c. 537; 1975, c. 43; 1976, c. 87.)

■ Counsel for Henry argues that the effect of a 1975 amendment to § 59.1-44, recodified as § 18.2-216, adding the language "or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation", was to expand the statute to cover verbal practices. We disagree. This is a penal statute and must be construed strictly. It "cannot be extended by implication, or be made to embrace cases which are not within its letter and spirit". *McKinney* v. *Commonwealth*, 207 Va. 239, 243, 148 S.E.2d 829, 832 (1966). We think it clear that here the legislature was addressing itself solely to non-oral advertisement. The statute speaks to advertising in a newspaper or other publication, "or in the form of a book, notice, handbill, poster, blueprint, map, bill, tag, label, circular, pamphlet or letter or in any other way", which contains therein "any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading. . . ".

The methods, devices and practices prohibited by the 1975 amendment are non-oral methods, devices and practices. The entire thrust of the statute is directed toward untrue, deceptive and misleading advertisements worded and designed to induce the public to enter into an obligation. Had the General Assembly intended to reach an individual seller's oral untrue, deceptive or misleading statements, it would have said so in clearer language.

Henry's reliance upon *State* v. *Automatic Merchandisers of America, Inc.*, 64 Wis. 2d 659, 221 N.W.2d 683 (1974), is misplaced. Wisconsin's original statute, which prohibited the making of misleading statements to the public in connection with the sale of a product, is not totally unlike Virginia Code § 18.2-216. However, in 1945 the Wisconsin statute was amended to bring some, if not all, oral representations within its scope. Specifically, the amendment made the statute applicable to methods "similar or dissimilar" to those formerly specified in the code section, and further provided that the law applied not only to advertisements but also to announcements, statements or representations of any kind.

The judgment of the lower court is

*Affirmed.*