**Maria MALDONADO, Plaintiff,**

v.

**NUTRI/SYSTEM, INC., Defendant.**

**Stephen WATERS, Plaintiff,**

v.

**NUTRI/SYSTEM, INC., Defendant.**

**Civ. A. Nos. 91–0264–A, 91–0789–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 24, 1991.

---

J. Scott Sexton, Gentry, Locke, Rakes & Moore, Roanoke, Va., for Maldonado.

Bart Fitzpatrick Higgins, Cadeaux and Taglieri, Washington, D.C., for Waters.

John A. Howell, Ross & Hardies, Washington, D.C., Margaret S. Woodruff, Co-Counsel, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Nutri/System, Inc.

CACHERIS, District Judge.

## MEMORANDUM OPINION

This matter is before the court on Defendant Nutri/System, Inc.'s ("Nutri/System") Motions to Dismiss counts in Plaintiffs' Complaints alleging a violation of the Virginia false advertising statutory scheme of Virginia Code sections 18.2–216[1] and 59.1–68.3[2], as amended. For reasons set forth below, the Motions to Dismiss are denied.

---

[1] In pertinent part, § 18.2–216 states:

Any person, firm, corporation or association who, with intent to sell or in anywise dispose of merchandise, securities, service or anything offered by such person, firm, corporation or association, directly or indirectly, to the public for sale or distribution or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly to be made, published, disseminated, circulated or placed before the public, in a newspaper or other publications, or in the form of a book, notice, handbill, poster, blueprint, map, bill, tag, label, circular, pamphlet or letter or in any other way, an advertisement of any sort regarding merchandise, securities, service, land, lot or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor. . . .

[2] In its entirety, § 59.1–68.3 states:

Any person who suffers loss as a result of a violation of Article 8 (§ 18.2–214 et seq.), Chapter 6 of Title 18.2 or Chapter 2.1 (§ 59.1–21.1 et seq.) of Title 59.1 of this Code shall be entitled to bring an individual action to recover damages, or $100, whichever is greater. Certified copies of the transcript and exhibits in evidence in any final proceeding in which the Attorney General has obtained a permanent injunction for a violation of Article 8, Chapter 6 of Title 18.2 or Chapter 2.1 of Title 59.1 shall be admissible in evidence in any action brought pursuant to this section by any person claiming damage as a result of the enjoined conduct. Notwithstanding any other provision of law to the contrary, in addition to the damages recovered by the aggrieved party, such person may be awarded reasonable attorney's fees.

## I

### *Background*

In these diversity cases, Plaintiffs Maria Maldonado and Stephen Waters claim that the Nutri/System Weight Loss Program and the food provided as part of that program caused gallbladder disease and the eventual surgical removal of their gallbladders.

The Nutri/System diet method is composed of weight loss counseling, medical assistance and special food supplied by Nutri/System. Plaintiff Maldonado claims that she ate only Nutri/System food during her participation in that diet program from January 1, 1989 until March 1989. Plaintiff Waters similarly claims that he ate only Nutri/System food as part of his participation in the diet program from April 11, 1989 until August 1989.

Plaintiff Maldonado's Complaint is currently composed of six claims: negligent failure to warn (Count I), breach of implied warranty (Count III), breach of express warranty (Count IV), negligence (Count V), willful negligence (Count VI), and false advertising (Virginia Code § 18.2-216) (Count VII). Plaintiff Maldonado voluntarily dismissed a count claiming strict liability failure to warn (Count II), thereby mooting Defendant's motion to dismiss that count. Maldonado claims that her damages include medical expenses, lost earnings, cosmetic disfigurement, continuing physical pain, and emotional pain and suffering. Although it is not specifically stated, Maldonado's Complaint can also be construed to request damages for the payments that she made to Nutri/System. Plaintiff Maldonado seeks $350,000 in compensatory damages, $1,000,000 in punitive damages, and attorneys' fees.

Plaintiff Waters' Complaint alleges negligent failure to warn (Count I); breach of implied warranty (Count II), breach of express warranty (Count III), negligence (Count IV), gross negligence (Count V), and false advertising (Virginia Code § 18.2-216) (Count VI). Waters seeks $350,000 in compensatory damages, $1,000,000 in punitive damages, and attorneys' fees. In addition, Mary Judith and Charles Waters, Plaintiff's parents added as Plaintiffs in this action on October 11, 1991, seek $100,000 in compensatory damages.

On June 14, 1991, this court held a hearing on Defendant's Motion to Dismiss Counts III, IV, VI, and VII of Plaintiff Maldonado's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The court declined to dismiss Counts III, IV, and VI on the ground that the court could not say, based solely on the face of the Complaint, that the Plaintiff "would be entitled to no relief under any state of facts which could be proved in support of [her] claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).

## II

### *The Motion to Dismiss the False Advertising Count*

Count VII of the Complaint asserts that the Defendant's advertisements regarding its diet system were false, in that they touted the Nutri/System diet as a safe way to lose weight when, in fact, it was not safe. This claim is based upon two provisions of the Code of Virginia: section 18.2-216 and section 59.1-68.3. Section 18.2-216 makes false advertising a class 1 misdemeanor, and section 59.1-68.3 creates a private cause of action for one who "suffers loss as the result of" a violation of, *inter alia*, 18.2-216.

The Defendant alleges that Plaintiffs' claims are barred under the false advertising counts because first, a private cause of action may only be maintained after a successful criminal prosecution. In a Memorandum Opinion dated July 1, 1991, this court rejected that argument and held that section 59.1-68.3 does not require a prior conviction as a necessary precursor to a private cause of action.

Second, Defendant argues that sections 18.2-216 and 59.1-68.3 contemplate recovery only for economic harms, not for personal injuries. Economic losses were dis-

tinguished from personal and property injuries in *Sensenbrenner v. Rust, Orling & Neale,* 236 Va. 419, 425, 374 S.E.2d 55, 57–58 (1988).

Defendant argues that section 18.2–216 is contained in Article 8 of Chapter 6 of Title 18.2 of the Code of Virginia and that the Code provisions in Article 8 appear to be generally aimed at conduct that would create economic harms. Moreover, the pertinent language of section 59.1–68.3 does not provide a mechanism for using that section to recover for personal injuries. Rather, it is aimed at recovery for a "loss as the result of" a violation of *inter alia,* section 18.2–216. Defendant suggests that the use of the word "loss" was meant to refer solely to "economic loss" because the term "damage" is more commonly associated with personal and property injuries.

Relying on the common meaning of the word "loss," Plaintiff contends that the term "loss" in the code section is unambiguous and that a financial setback caused by medical injuries is still a loss to the victim within the meaning of the provision.

There are no Virginia cases on this issue, nor any persuasive precedents applying the Virginia statutes at issue, nor any cases from other jurisdictions addressing this issue in the context of a similar statutory scheme. The only Virginia case to comment on the private cause of action created by sections 18.2–216 and 59.1–68.3 is *Henry v. R.K. Chevrolet, Inc.,* 219 Va. 1011, 254 S.E.2d 66 (1979). *Henry* merely held that only written, and not oral, advertisements were actionable under these code sections. 219 Va. at 1013–14, 254 S.E.2d at 68. In addition to *Henry,* there are two published cases that are not binding precedents in Virginia which cite these code sections. Neither of these cases provides any guidance. *See Koontz v. Jaffarian,* 617 F.Supp. 1108, 1115 n. 10 (E.D.Va.1985), *aff'd,* 787 F.2d 906 (4th Cir.1986); *Rein v. Koons Ford, Inc.,* 318 Md. 130, 567 A.2d 101 (1989).

Plaintiff has cited one case in which a similar deceptive advertising statute was employed successfully in the personal injury context. In *Kociemba v. G.D. Searle &*

*Co.,* 707 F.Supp. 1517, 1526–27 (D.Minn. 1989), the plaintiff claimed that she was rendered infertile by the defendant's intra-uterine device, even though the defendant had advertised the device as being "safe and effective." A Minnesota statute (Minn.Stat. § 325F.67) similar to the statutory tandem in the case at bar was the legal basis for the plaintiff's claim. The court held that the evidence was sufficient to support a finding that the plaintiff had been induced to use the product by the advertisement and that the defendant intended for the public to rely on the representations in the advertisement. *Id.* It appears that the issue of whether personal injury damages were recoverable under the statute was not raised and is not discussed in the opinion.

On June 21, 1991, this court certified to the Virginia Supreme Court the following question:

> May a plaintiff recover personal injury damages for a violation of Code of Virginia section 18.2–216, which is actionable in a private civil suit by virtue of Code of Virginia section 59.1–68.3?

The *Waters* case was stayed pending resolution of the issue by the Virginia Supreme Court. On July 31, 1991, the Virginia Supreme Court refused to answer the question certified. Thus this court must decide the Defendant's Motions to Dismiss the Plaintiffs' false advertising counts without guidance from the state court.

### III

#### *Conclusion*

■ A motion to dismiss should not be granted "unless it appears to a certainty that the [non-moving party] would be entitled to no relief under any state of facts which could be proved in support of [its] claim." *Adams v. Bain,* 697 F.2d 1213, 1216 (4th Cir.1982) (quoting *Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir.1969)). When considering a Rule 12(b)(6) motion, the plaintiff's allegations in the Complaint must be taken as true. *Revene v. Charles County Commissioners,* 882 F.2d 870, 873 (4th Cir.1989).

There is no legislative history interpreting the subject statutes. Thus, the court is hampered in discerning the intent of the Virginia legislature with respect to the term "loss." By declining to answer the question certified to it, the Virginia Supreme Court similarly has offered no direction. The court must therefore apply established rules of statutory construction in order to decide the Motions to Dismiss before it.

Statutory construction properly begins with an examination of the literal language of a statute, and it properly ends there unless the language is ambiguous or would contravene a clearly expressed legislative intention. *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982); *In re Forfeiture Hearing as to Caplin & Drysdale*, 837 F.2d 637, 641 (4th Cir.1988), *cert. granted*, 488 U.S. 940, 109 S.Ct. 363, 102 L.Ed.2d 352 (1988), *and aff'd*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). It is well-established Virginia law that when the language of a statute is clear and unambiguous, its plain meaning must be accepted with no statutory construction by the court. *Clay v. Virginia Real Estate Bd.*, — Va. —, 398 S.E.2d 78, 79 (1990); *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

Section 59.1–68.3 of the Virginia Code as amended, contains no words excluding personal injury damages. Defendant argues that the word "loss" in the statute is ambiguous and thus susceptible to further construction and interpretation by the court. This argument, however, places a gloss on the term "loss," and is too weak absent any indication of legislative intent to support a limitation on the literal language of the statute. An ambiguity exists when the language is difficult to comprehend or lacks clearness and definiteness. *Brown*, 229 Va. at 321, 330 S.E.2d at 87. The word "loss" is not difficult to comprehend nor is it so unclear that it warrants second-guessing the legislature. The court finds that the term "loss" as used in section 59.1–68.3 is not ambiguous and it must therefore apply the plain meaning of this term.

According to a frequently-used legal dictionary, "loss is a generic and relative term. [I]t is not a word of limited, hard and fast meaning and has been held synonymous with, or equivalent to, 'damage', 'damages' ... [and] 'injury.'" *Black's Law Dictionary* 851 (5th ed. 1979). It is not this court's duty to make law. This court must take the words which the legislature has seen fit to employ and give them their usual and ordinary meaning. *Clay*, — Va. at —, 398 S.E.2d at 79 (quoting *Saville v. Va. Ry. & P. Co.*, 114 Va. 444, 452–53, 76 S.E. 954, 957 (1913)). Applying this principle, this court finds that a cause of action may be asserted for personal injuries under Virginia Code sections 18.2–216 and 59.1–68.3, as amended.

Where the legislature of Virginia has failed to limit damages under the statute, it should be the province of the jury to settle the factual question of damages. *See Modaber v. Kelley*, 232 Va. 60, 69, 348 S.E.2d 233, 238 (1986); *Danville Community Hosp., Inc. v. Thompson*, 186 Va. 746, 763–64, 43 S.E.2d 882, 890 (1947).

Accordingly, Defendant's Motion to Dismiss Count VI of Plaintiff Water's Amended Complaint is denied, and Defendant's Motion to Dismiss Count VII of Plaintiff Maldonado's Complaint is denied.

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED:

(1) that the Defendant's Motion to Dismiss Count VII of Plaintiff Maldonado's Complaint is DENIED;

(2) that the Defendant's Motion to Dismiss Count VI of Plaintiff Waters' Amended Complaint is DENIED;

(3) that the Clerk shall forward copies of this Order to all counsel of record.