## CIRCUIT COURT OF FAIRFAX COUNTY

Speier et al.

v.

Renaissance at Victoria Farms, L.L.C.,
a/k/a Renaissance Housing Corp.

December 3, 2001

Case No. (Law) 198250

BY JUDGE R. TERRENCE NEY

This matter came before the Court on November 16, 2001, on Renaissance at Victoria Farms, L.L.C.'s ("Renaissance") Demurrer and Plea in Bar. At that time, all matters raised by the parties were decided with the exception of Renaissance's demurrer to the Plaintiffs' claim for breach of implied warranties.

Renaissance demurred to the Speiers' claims of breach of implied warranty on the basis that the Speiers waived all implied warranties when they executed their sales contract with Renaissance. The contract between the Speiers and Renaissance contained language that purported to provide a specific warranty (the "RWC warranty") and waive all other warranties, specifically including implied warranties.

*Factual Background*

In November 1997, Mr. and Mrs. Speier purchased a new home from Renaissance. The Speiers' home was built with a synthetic stucco facade known as EIFS. The EIFS was allegedly defective in that it did not form a

sufficient exterior finish and permitted water to accumulate behind it and damage their home. The Speiers are suing Renaissance for negligence per se, breaches of express and implied warranties, breach of contract, actual and constructive fraud, a violation of the Virginia Consumer Protection Act, and false advertising in connection with the sale and building of their home.

Included in the Speiers' sales contract is the provision that Renaissance asserts is a waiver of any implied warranties. The Speiers, in response, contend that the waiver is void because the font size of the text in which the waiver is set out is not two points larger then the font size of the rest of the contract, as required by Virginia Code § 55-70.1.

*Analysis*

The issue before the Court is whether or not the warranty waiver provision included in the sales contract — given its font size — operates as a valid waiver.

Contractual waivers are enforceable under Virginia law. *Azalea Drive-In Theatre, Inc. v. Sargoy*, 215 Va. 714, 720, 214 S.E.2d 131, 136 (1975). Almost any right, whether conferred by law or contract, may be waived as long as the waiver is knowledgeable and intentional. *Gordonsville Energy, L.P. v. Virginia Electric & Power Co.*, 257 Va. 344, 356, 512 S.E.2d 811, 818 (1999). The Virginia General Assembly, however, has afforded new home purchasers additional protection if a seller attempts to waive warranty obligations.

Virginia Code § 55-70.1 codified common law implied warranties and applied them explicitly to new homes sold in Virginia. Included in the statute are warranties that the home is free from structural defects and constructed in a workmanlike manner. The statute permits parties to waive these warranties, but requires of any such contract provision that:

waive[s], modif[ies] or exclude[s] such warranties [be] conspicuously (as defined by subdivision (10) of § 8.01-201) set forth on the face of such contract *in capital letters which are at least two points larger than the other type in the contract.*

Va. Code § 55-70.1(C) (1994, as amended) (emphasis added).

The language of Virginia Code § 55-70.1 is plain and unambiguous. In order for a warranty waiver provision in a sales contract for a new home to be effective, it must be set forth in capital letters *and* in a font size which is two points larger than the other type in the contract.

The specific warranty waiver provision here is found on page four at paragraph eight of the contract.

> WARRANTIES: LIMITATION OF LIABILITY: (a) Purchaser acknowledges receipt of a specimen copy of the insurance/warranty documents to be issued by a Residential Warranty Corporation ("the RWC Warranty") with respect to the Home, and Seller's Warranty Procedures Guidelines Manual (which, *inter alia*, provides for a ninety (90) day post-settlement service list, and a ten (10) month post-settlement service list, which is needed to ensure responses under any one (1)-year manufacturer's and systems warranties). Seller covenants, as part of its obligations hereunder, to cause a RWC Warranty to be issued to Purchaser at Settlement, at no additional cost to Owner EXCEPT AS MAY BE SET FORTH IN THE RWC WARRANTY, SELLER MAKES NO WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO THE HOME, AND ALL OTHER WARRANTIES (INCLUDING, BUT NOT LIMITED TO, THOSE OF FREEDOM FROM STRUCTURAL DEFECTS OR WORKMANSHIP AND OF HABITABILITY AS PROVIDED BY SECTION 55-70.1 OF THE VIRGINIA CODE) ARE EXPRESSLY EXCLUDED HEREFROM AND ARE EXPRESSLY WAIVED BY PURCHASER. PURCHASER FURTHER ACKNOWLEDGES AND AGREES THAT (I) SELLER'S LIABILITY HEREUNDER, WHETHER IN CONTRACT, TORT, NEGLIGENCE, UNDER ANY WARRANTY OR OTHERWISE IS LIMITED TO THE REMEDIES SET FORTH IN THE RWC WARRANTY, AND (II) PURCHASER SHALL NOT BE ENTITLED TO BRING ANY ACTION AGAINST SELLER MORE THAT ONE (1) YEAR AFTER THE CAUSE OF ACTION ARISES.

The waiver terms are plainly set forth in capital letters. Yet the font size of the capitalized waiver language does not exceed the font size of the other uncapitalized contract terms by at least two points.

A font size ruler is a device that measures — in points — the font height of type, regardless of the font style (for example, Times New Roman) *and whether or not the type is capitalized.* One of these rulers, manufactured by the National Composition Association, was made available to the Court in order to measure the font size of the waiver text. After doing so, it is clear that the font size of the lower case type is an eight-point font and the font size of the same type capitalized is also an eight-point font. As the warranty waiver text is not two points larger than the remainder of the contract — as required under Virginia Code § 55-70.1 — the provision is ineffective to waive the implied warranties.

For these reasons, the Defendant's Demurrer to Plaintiffs' claim of breach of an implied warranty on the ground that Plaintiffs waived any implied warranties in the contract is overruled.