194

## CIRCUIT COURT OF FAIRFAX COUNTY

Al-Roubaihy

v.

Council of Co-Owners
of Colchester Towne
Condominium-Section One et al.

October 9, 2002

Case No. (Law) 205011

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on August 23, 2002, and was taken under advisement to determine whether Defendant Council of Co-Owners of Colchester Condominium's Demurrer should be sustained. For the reasons set forth in this opinion letter, Defendant's Demurrer is sustained to Counts I, II, and III without leave to amend. The Demurrer is sustained as to Count IV with leave to amend.

On April 11, 2002, Defendant Council of Co-Owners of Colchester Towne Condominium-Section One offered Condominium Unit No. 7981, C-3, Colchester Towne Condominium, Section 1, for public sale, pursuant to Va. Code Ann. § 55-79.84(I). In the public advertisement for sale of the condominium required under Code § 55-79.84(I)(2), Defendant stated, in part:

The unit is subject to deed of trust recorded at Deed Book 10535, Page 0570, and Notice of Assignment of Deed of Trust recorded at Deed Book 11717, Page 0165, among the land records of Fairfax

County, Virginia. The original principal amount secured by the Deed of Trust is $28,900.00.... ·

The information contained herein was obtained by sources deemed to be reliable but is offered for information purposes only. The Condominium Association cannot make any representations or warranties with respect to the accuracy of this information.

At the public sale, Plaintiff Al-Roubaihy submitted the highest and winning auction bid of $10,000.00 for the condominium unit believing that the unit was subject to the $28,900.00 deed of trust. Plaintiff alleges he subsequently learned that the condominium unit was subject to a $42,200.00 deed of trust.

In the Motion for Judgment, Plaintiff seeks damages for violation of the Virginia Consumer Protection Act; for violation of Va. Code Ann. § 18.2-216, Untrue, Deceptive, or Misleading Advertising; for constructive fraud; and requests, in the alternative, a petition to void the sale pursuant to Va. Code Ann. § 55-79.84(I)(4).

Defendant filed a Demurrer and Motion Craving Oyer requesting that Plaintiff make the advertisement for sale part of his Motion for Judgment. Defendant's Motion was granted and the text of the advertisement was made part of the Plaintiff's pleading.

*Standard of Review*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (Michie Supp. 1993). In considering a demurrer, the Court must apply the settled rule that a demurrer admits the truth of all well-pleaded facts, and all reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). A court properly views the pleading in the light most favorable to the plaintiff. *See, e.g., W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 385, 478 S.E.2d 295, 303 (1996).

When a demurrant's motion craving oyer has been granted, the court, in ruling on a demurrer, may properly consider the facts alleged as amplified by any documents added to the record on the motion. *Ward's Equipment, Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). These documents are properly considered in determining whether a valid cause of action has been pleaded. *Welding, Inc. v. Bland County Service*

*Auth.*, 261 Va. 218, 227, n. 3, 541 S.E.2d 909, 914, n. 3 (2001); *see also Flippo v. F. & L. Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 158 (1991).

### *Count I: Violation of the Virginia Consumer Protection Act*

The Virginia Consumer Protection Act makes unlawful certain fraudulent acts or practices committed by a supplier in connection with a consumer transaction. Va. Code Ann. § 59.1-200 (Michie Supp. 2002). Plaintiff claims that Defendant's advertisement for public sale of the condominium violates § 59.1-200(A)(14), which prohibits using deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. However, § 59.1-199 of the Act excludes "Any aspect of a consumer transaction which aspect is authorized under laws or regulations of the Commonwealth...." Public sale of a condominium by a unit association for failure to pay assessments and the advertisement of that sale is authorized under § 55-79.84(I) of the Virginia Code and is therefore excluded from application of the Virginia Consumer Protection Act. The Demurrer to this count is sustained without leave to amend.

### *Count II: Violation of Va. Code Ann. § 18.2-216,*
### *Untrue, Deceptive, or Misleading Advertising,*
### *Inducements, Writing, or Document*

Under Va. Code Ann. § 18.2-216, the use, in any advertisement, of "any promise, assertion, representation, or statement of fact which is untrue, deceptive, or misleading...." made with the "intent to sell" or "to induce the public" to enter into an obligation is prohibited. *See Henry v. R. K. Chevrolet*, 219 Va. 1011, 1014, 254 S.E.2d 66, 69 (1979); *Jazayerli v. Renaissance Housing Corp.*, 55 Va. Cir. 49 (2001). Any person who suffers a loss as a result of false advertising may bring an individual action to recover damages under Virginia Code § 59.1-68.3.

The Colchester Condominium Association advertisement Plaintiff complains of does not fall within the bounds of a false advertising claim. The advertisement clearly states that the information contained in the ad was offered for "informational purposes only" and that the Condominium Association could not "make any representations or warranties with respect to the accuracy of the information." This language makes it clear that the alleged misrepresentations were not made as statements of fact nor made with the intent to sell the condominium unit or to induce the Plaintiff to buy the unit.

Plaintiff Al-Roubaihy entered into a legally binding contract for sale of real property and completed settlement having read the advertisement, including the language that put him on notice that the Association could not make any warranties regarding the accuracy of the ad. Where a party signs a contract and fails to take measures to acquaint themselves with the contract terms, such conduct is evidence of negligence. *See Chesapeake Builders, Inc. v. Lee*, 254 Va. 294, 300, 492 S.E.2d 141, 147 (1997). The demurrer to Count II is sustained without leave to amend.

### Count III: Constructive Fraud

In order to state a cause of action for constructive fraud under Virginia law, it is necessary to allege that a false representation of a material fact was made innocently or negligently, and that the injured party was damaged as a result of his reliance upon the misrepresentation. *Mortarino v. Consulting Engineering Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). In addition, it must be shown that "one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).

The Plaintiff did not allege facts sufficient to state a cause of action for fraud. Because the advertisement contained a warning that the Condominium Association could not make any representations or warranties with respect to the accuracy of the information in the ad, the Plaintiff cannot allege that Defendant made a false representation in order to induce the Plaintiff to believe it or with the intent that the Plaintiff rely on it. The demurrer to Count III is sustained without leave to amend.

### Count IV: Alternative Petition to Void Sale
### Pursuant to Va. Code Ann. § 55-79.84(I)(4)

Finally, Plaintiff seeks a petition to void the sale pursuant to Va. Code Ann. § 55-79.84(I)(4) of the Condominium Act. The content of the advertisement of the sale and the manner in which it is to be advertised is governed by the requirements listed in Va. Code Ann. § 55-79.84(I)(2). Failure to abide by these requirements may render the sale voidable upon petition.

Plaintiff did not allege that Defendant failed to comply with the specific, technical advertising requirements under § 55-79.84(I)(2). Instead, Plaintiff alleged that the Defendants failed to notify the public in a truthful or fair

manner. This is insufficient to state a cause of action for a voidable sale under § 55-79.84(I)(4). The Demurrer is sustained to Count IV with leave to amend.