# CIRCUIT COURT OF FAIRFAX COUNTY

Lisa Weiss
and Michael Weiss

v.

Cassidy Development
Corp. et al.

February 21, 2003

Case No. Law 206766

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on November 22, 2002, on Defendant James Snyder, Defendant Snyder Egbue Associates, and Defendant

Cassidy Development Corporation's Demurrers. The case was taken under advisement to determine whether Defendants' Demurrers should be sustained. For the reasons set forth in this letter opinion, the Demurrers are ruled upon in the following manner. The Demurrer of James Snyder is sustained with prejudice as to Counts II, III, IV, and VII and sustained with leave to amend as to Counts I, VIII, IX, X. The Demurrer of Snyder Egbue Associates is overruled as to Counts I and IX, sustained with prejudice as to Counts II, III, IV, and VII, and sustained with leave to amend as to Counts VIII and X. The Demurrer of Cassidy Development Corporation is overruled as to Counts I and IX, sustained with prejudice as to Counts III, IV, and VII, and sustained with leave to amend as to Count VIII and X.

On March 12, 1999, the Plaintiffs, Lisa and Michael Weiss, purchased land known as 8806 Mirador Place in McLean, Virginia, with the intention of building a single family home for use as their personal residence. On September 8, 1999, the Weisses signed a contract with Snyder Egbue Associates, Inc. (hereinafter Snyder Egbue) to design their custom single family residence. James Snyder (hereinafter Snyder), President of Snyder Egbue, allegedly represented to the Weisses that Snyder Egbue was a competent architectural firm and that it was also in the business of construction. The Weisses claim that Snyder failed to disclose that he was not a licensed architect. The Weisses further allege that Snyder Egbue was terminated as a valid Virginia corporation on November 30, 1999.

Some time later, Snyder presented the Weisses with a General Contract Agreement (hereinafter construction contract) from Cassidy Development Corporation (hereinafter Cassidy) for construction of the Weiss residence. Snyder, who was also President and Director of Cassidy, allegedly stated that Cassidy was Snyder Egbue's construction firm and that the two entities would be acting as joint venturers on the Weiss project. On May 22, 2000, the Weisses signed the construction contract with Cassidy and agreed to pay $718,000.00 for construction of their new home. In the contract, Cassidy estimated that construction of the dwelling would be completed on or about December 8, 2000, or within one year of the date of the contract, provided there were no delays under certain specified circumstances.

The Weisses allege that work on their home progressed very slowly and appeared to stop during the months of October and November 2000, making the December 8, 2000, completion date impossible to meet. During this time, neither Snyder Egbue nor Cassidy held a Class A Contractor's License. Consequently, Cassidy hired Emory Construction Company as subcontractor to apply for the necessary construction permits. The Weisses continued to pay Cassidy in compliance with an alleged draw schedule.

At a meeting on May 17, 2001, Defendants assured the Weisses that the project would be completed by June 12, 2001. Following this meeting, Mrs. Weiss sent a letter to Defendants directing their attention to a three page "punch list" and indicating that they would not pay the alleged balance of $63,221.46 until construction was complete.

On May 19, 2001, Mrs. Weiss went to the job site where she discovered that work had ceased, the locks on the residence had been changed, and all construction materials, tools, and equipment had been removed, indicating that Defendants had abandoned the project.

The Weisses demanded that Defendants finish the project. Defendants refused to do so. Thereafter, the Weisses hired Bowa Builders, Inc., to complete their home. Bowa Builders estimated the cost of completion to be $257,396.54 due to defects in construction and Fairfax County Code violations. By this time, the Weisses had already paid Cassidy $686,969.92.

## Analysis

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (Michie Supp. 1993). All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). In addition, a court may examine not only the substantive allegations of the pleading being attacked, but also any accompanying exhibit mentioned in the pleading. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993); *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 158 (1991). In ruling on a demurrer, the court may not evaluate and decide the merits of a claim. *Fun v. V.M.I.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

### Count I: Breach of Contract as to Snyder Egbue, Cassidy, and Snyder

Under Virginia law, the essential elements of a cause of action for breach of contract are: (1) "a legal obligation of a defendant to the plaintiff," (2) "a violation or breach of that right or duty," and (3) "a consequential injury or damage to the plaintiff." *Westminster Invest Corp. v. Lamps Unltd.*, 237 Va. 543, 546, 379 S.E.2d 316, 319 (1989) (quoting *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969)). Plaintiffs allege that they entered into a written contract with Cassidy on May 22, 2000, for the construction of their new home, that Snyder Egbue and Cassidy held themselves out as joint venturers, that Snyder Egbue and Cassidy breached

the contract by failing to construct the residence pursuant to contract specifications and by refusing to complete construction by the estimated completion date. The Weisses allege that, as a result of Defendants' breach, they suffered damages in the amount of $400,000.00. The Weisses have sufficiently stated a cause of action for breach of contract against Cassidy and Snyder Egbue.

Defendant Cassidy asks this court to sustain its Demurrer to Count I for several reasons. First, Cassidy asserts that the Weisses cannot state a claim for breach of contract because the construction contract clearly states that Cassidy was "not acting as a contractor" for the Weisses. The construction contract states that "the contractor . . . will construct upon the residence a single family detached unit . . . substantially in accordance with plans and specifications. . . ." "Contractor undertakes and agrees to complete construction of dwelling within a period of one (1) year after the date of this contract. . . ." The Weisses have sufficiently alleged that Cassidy failed to comply with its obligations under the contract.

Second, Cassidy asserts that it cannot be held liable for patent incomplete work or defects not specifically noted on a pre-settlement agreement inspection report, pursuant to the contract. However, the pleadings state that Cassidy breached the contract before a pre-settlement inspection report could take place. Whether or not this contract provision imposes liability on Cassidy is a determination for the Court to make based on the evidence and is not appropriate for demurrer.

Third, Cassidy asserts that the Weisses are not entitled to damages because the contract clearly limits Cassidy's liability in the event of its default to the deposit of $10,000.00 and liquidated damages in the sum of $1,000.00. Although parties to a contract may agree in advance to an amount of liquidated damages, this provision will be enforced only if it does not constitute a penalty. *301 Dahlgren, Ltd. Partnership v. Board of Supervisors*, 240 Va. 200, 202-03, 396 S.E.2d 651, 653 (1990). The determination of whether the provision is enforceable is for the court to make based on evidence showing whether or not the damages contemplated at the time of the agreement were uncertain and difficult to determine and whether the amount fixed is or is not out of all proportion to the probable loss. *Taylor v. Sanders*, 233 Va. 73, 75, 353 S.E.2d 745, 747 (1987). Cassidy's Demurrer to Count I is overruled.

Defendant Snyder Egbue demurs to Count I and asserts that the Weisses cannot allege a breach of contract against it because Snyder Egbue was not a party to the construction contract. However, Plaintiffs allege that James Snyder represented to them that Snyder Egbue and Cassidy would be

acting as joint venturers in the construction of their home. A joint venture exists where two or more parties enter into a special combination for the purpose of a specific business undertaking, jointly seeking a profit, gain, or other benefit, without any actual partnership or corporate designation. *Roark v. Hicks*, 234 Va. 470, 475, 362 S.E.2d 711, 716 (1987). Little formality in its formation is required and the parties' conduct, along with other facts and circumstances, will often justify the inference that a joint venture exists. *Smith v. Grenadier*, 203 Va. 740, 744, 127 S.E.2d 107, 111 (1962). The rules of law governing the liabilities of joint venturers are substantially the same as those that govern partnerships. *Roark* at 475. Consequently, as an alleged joint venturer with Cassidy in the construction of the Weiss's residence, Snyder Egbue may be liable for obligations under the construction contract. Because the question of whether a joint venture exists is one for the trier of fact, *id.* at 746, and Plaintiffs have alleged the existence of a joint venture, Snyder Egbue's Demurrer to Count I is overruled.

Defendant James Snyder also demurs to Count I. Plaintiffs fail to assert any allegations against James Snyder in Count I. Accordingly, Snyder's Demurrer to Count I is sustained with leave to amend.

*Count II: Actual Fraud Against James Snyder, Individually, and Snyder Egbue Misrepresenting Its Standing as an Architectural Firm*

In order to state a cause of action for actual fraud, the plaintiff must assert the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damages to the party misled. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 39 S.E.2d 387, 390 (1994) (citing *Brant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1993)). The Weisses fail to sufficiently state a cause of action for actual fraud. Plaintiffs allege that Snyder and Snyder Egbue failed to disclose at the time of contracting or anytime thereafter that they were not duly licensed as an architectural firm in Virginia. While Virginia law recognizes that an omission may constitute a false representation in certain circumstances, *Van Deusen v. Snead*, 247 Va. 324, 328, 441 S.E.2d 207, 211 (1994), the Plaintiffs fail to adequately plead that the Defendants intentionally and knowingly omitted information regarding licensing with the intent to mislead them.

Furthermore, Plaintiffs cannot maintain an action for actual fraud based on an alleged contractual duty. Allegations of misrepresentations related to a duty or obligation arising out of the contractual relationship between a plaintiff and defendant are not actionable in tort. See *Richmond Metropolitan*

*Auth. v. McDevitt Street Bovis*, 256 Va. 553, 558, 507 S.E.2d 344, 349 (1998). James Snyder's Demurrer and Snyder Egbue's Demurrer to Count II are sustained with prejudice.

*Count III: Actual Fraud Against James Snyder, Snyder Egbue, Cassidy, Bullis, and Emory Misrepresenting Its Expertise, Experiences, and Licensing*

In Count III, the Weisses allege that Snyder, individually, Snyder Egbue, and Cassidy represented to Plaintiffs that they had the requisite experience and expertise to undertake the Weisses' project. The Weisses further allege that Snyder and Cassidy affirmatively represented that Cassidy had all the necessary licenses and permits required of a Class A Contractor.

These allegations are insufficient to state a claim for actual fraud. First, Plaintiffs fail to plead actual fraud with the requisite specificity. The Weisses fail to identify the agents, officers, or employees of Snyder Egbue and Cassidy who are alleged to have perpetrated the fraud, *Tuscarora v. B.V.A.*, 218 Va. 849, 857, 241 S.E.2d 778, 786 (1978), and fail to allege the details of time and place of the fraudulent acts. *Id.* Second, the alleged representations regarding Defendants' experience and expertise are statements of opinion. It is well settled that a misrepresentation, to be actionable in fraud, must be of an existing fact and not the mere expression of an opinion. *McMillion v. Dryvit Systems, Inc.*, 262 Va. 463, 471, 552 S.E.2d 364, 372 (2001) (citing *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996)). However strong and positive the language may be, mere expression of opinion will not constitute fraud. *Id.* Finally, these fraud allegations are directly related to the Defendants' alleged breach of the construction contract and are therefore not actionable in tort. *See Richmond Metropolitan Auth. v. McDevitt Street Bovis*, 256 Va. 553, 558, 507 S.E.2d 344, 349 (1998). Defendant Snyder's Demurrer, Defendant Snyder Egbue's Demurrer, and Defendant Cassidy's Demurrer to Count III are sustained with prejudice.

*Count IV: Constructive Fraud as to James Snyder, Snyder Egbue, and Cassidy*

In order to state a cause of action for constructive fraud, the plaintiff must assert that a false representation of a material fact was made innocently or negligently and the injured party was damaged as a result of his reliance upon the misrepresentation. *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 295, 467 S.E.2d 778, 784 (1996).

The Weisses base their constructive fraud claim on the same allegations pleaded in their actual fraud claim in Count III. For the same reasons, Plaintiffs fail to state a claim for constructive fraud. First, Plaintiffs fail to plead fraud with the requisite specificity against Defendants Snyder Egbue and Cassidy. Second, the alleged representations regarding Defendants' experience and expertise are statements of opinion. And finally, these fraud allegations are directly related to the Defendants' alleged breach of the construction contract and are therefore not actionable in tort. Defendant Snyder's Demurrer, Defendant Snyder Egbue's Demurrer, and Defendant Cassidy's Demurrer to Count IV are sustained with prejudice.

*Count VII: Negligent Construction (Including Negligence Per Se) as to All Defendants*

A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 833 (2000) (citing *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990)). However, recovery in tort is available only when there is a breach of a duty "to take care for the safety of the person or property of another and losses occur as a result of injury." *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 426, 374 S.E.2d 55, 62 (1988).

Tort law is not designed to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement, as in the instant case. *See id.* The Weisses allege that Defendants owed them a duty to construct their home in accordance with the contract, including constructing the house within generally accepted industry standards and in a structurally sound manner. Plaintiffs claim they suffered damages as a direct result of Defendants' breach of that duty. Such damages are purely economic, and the law of contracts, not tort law, provides the sole remedy for such economic losses. *Id.* Here, the only duty between the Plaintiff and Defendants is that duty arising out of the construction contract. Consequently, an action for negligence cannot be maintained. *Richmond Metropolitan Auth. v. McDevitt Street Bovis*, 256 Va. 553, 559, 507 S.E.2d 344, 350 (1998).

Plaintiffs also attempt to claim negligence *per se* alleging that the Defendants failed to construct the residence in compliance with the Virginia and Fairfax County Code requirements. To state a cause of action for negligence *per se*, plaintiff must allege that the defendant violated a statute enacted for public safety, that the plaintiff belongs to the class of persons for whose benefit the statute was enacted, that the harm that occurred was the

type against which the statute was designed to protect, and that the statutory violation was the proximate cause of plaintiff's injury. *See Halterman v. Radisson Hotel Corp.*, 259 Va. 171, 176, 523 S.E.2d 823, 828 (2000). Plaintiffs have failed to include any of these allegations in their claim. Furthermore, Plaintiffs cannot maintain a cause of action for negligence *per se* in the instant case. The Uniform Statewide Building Code was enacted "to protect the health, safety, and welfare of the residents of the Commonwealth. . . ." *Moskowitz v. Renaissance at Windsong Creek, Inc.*, 52 Va. Cir. 459 (2000) (citing 1950 Va. Code § 36-99(A)). The statute protects the public from personal injury, not from the economic loss claimed by the Weisses. *See id.* The law of contracts provides the sole remedy for such economic losses. *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 426, 374 S.E.2d 55, 62 (1988). Defendant Snyder's Demurrer, Defendant Snyder Egbue's Demurrer, and Defendant Cassidy's Demurrer are sustained with prejudice.

*Count VIII: Violation of the Virginia Consumer Protection Act Against All Defendants*

The Virginia Consumer Protection Act (hereinafter VCPA) makes unlawful certain fraudulent acts or practices committed by sellers in connection with a consumer transaction. Virginia Code § 59.1-196 *et seq.* In order to state a cause of action for a violation of the VCPA, a plaintiff must allege a fraudulent misrepresentation of fact. *See Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 711, 553 S.E.2d 714, 718 (2001). Allegations of misrepresentation of fact must be pleaded with the requisite specificity, including identification of the agents, officers and employees of the entities who are alleged to have perpetrated the fraud and the details of time and place of the fraudulent acts. *See Tuscarora v. B.V.A.*, 218 Va. 849, 857, 241 S.E.2d 778, 786 (1978). The Plaintiffs fail to plead a VCPA violation with specificity. Merely listing the dollar amounts of allegedly incorrect charges for utility, permit, waiver, and engineer fees is insufficient to show a VCPA violation. Defendant Snyder's Demurrer, Defendant Snyder Egbue's Demurrer, and Defendant Cassidy's Demurrer to Count VIII are sustained with leave to amend.

*Count IX: Breach of Implied Warranties Against All Defendants*

In order to state a claim for breach of implied warranty, the plaintiff must show the existence of the warranty, that the warranty was broken, and that the breach of the warranty was the proximate cause of the loss sustained.

Virginia Code § 8.2-314, Official Comment 13. The Weisses have sufficiently stated a cause of action for breach of implied warranty.

Defendant Cassidy calls the Court's attention to a provision in the General Contract Agreement purporting to waive "ALL OTHER WARRANTIES INCLUDING THOSE PROVIDED BY SECTION 55.70.01 OF THE CODE OF VIRGINIA. . . ." (MFJ, Exhibit 2, § 12) and asserts that the Weisses effectively waived any new home warranties when they signed the contract. Virginia Code § 55-70.1 provides new home buyers heightened protection from sellers who attempt to waive implied warranties. *Speier v. Renaissance at Victoria Farms*, 58 Va. Cir. 90 (2000). The Code states that a contract for sale of a new dwelling "may waive, modify, or exclude any or all express and implied warranties and sell a new home 'as is' " as long as certain requirements are met. § 55-70.1(C). First, the words used to waive, modify, or exclude such warranties must be "conspicuously set forth on the face of the contract in capital letters that are at least two (2) points larger than the other type in the contract." *Id*. And second, the words must "state with specificity the warranty or warranties that are being waived, modified, or excluded." *Id*.

Section 12 of the construction contract, where the Weisses allegedly waived the new home warranties, does not fully comply with the unambiguous requirements of § 55-70.1(C). While the wording in the waiver provision is two points larger than the type in the contract when measured by a font size ruler, the language of the alleged waiver is not sufficiently specific. The exact wording of Section 12 waives the warranties provided in "SECTION 55.70.01 OF THE CODE OF VIRGINIA. . . ." The Code of Virginia does not contain a § 55.70.01. The contract provision is ineffective to waive the implied warranties under § 55-70.1. Defendant Cassidy's Demurrer is overruled.

Defendant Snyder Egbue demurs to Count IX stating that it was not a party to the construction contract and therefore cannot be considered a vendor under the statute. As stated above, the Weisses have alleged that Snyder Egbue and Cassidy were joint venturers in the construction of the Weiss's residence. If a joint venture is found to exist, Snyder Egbue may be liable for breach of warranty. Snyder Egbue's Demurrer to Count IX is overruled.

Defendant James Snyder also demurs to Count IX. Plaintiffs fail to assert any allegations against James Snyder in Count IX. Accordingly, Snyder's Demurrer to Count IX is sustained with leave to amend.

*Count X: Violation of Virginia Code § 18.2-216 Against Snyder, Snyder Egbue, and Cassidy*

Under Va. Code Ann. § 18.2-216, the use, in any advertisement, of "any promise, assertion, representation, or statement of fact which is untrue, deceptive, or misleading. . . ." made with the "intent to sell" or "to induce the public" to enter into an obligation is prohibited. *See Henry v. R. K. Chevrolet*, 219 Va. 1011, 1014, 254 S.E.2d 66, 69 (1979). Any person who suffers a loss as a result of false advertising may bring an individual action to recover damages under § 59.1-68.3. Only non-oral advertisements are covered under the statute. *Id.* at 1015.

The Weisses allege that Snyder, Snyder Egbue, and Cassidy published, disseminated, and circulated before the public, including Plaintiffs, advertising information concerning their expertise in design and construction and licensure, that this information was false, misleading, and deceptive, and that they incurred damages as a direct and proximate cause of this violation of § 18.2-216. Based on the pleadings before the Court, which do not include the alleged advertisements, the Plaintiffs have failed to sufficiently state a cause of action for a violation of § 18.2-216. The Weisses fail to allege that the "information" concerning Defendants' expertise was published with the "intent to sell" or "to induce the public" to enter into an obligation. Virginia Code Ann. § 18.2-216. Defendant Snyder's Demurrer, Defendant Snyder Egbue's Demurrer, and Defendant Cassidy's Demurrer are sustained with leave to amend.