## CIRCUIT COURT OF FAIRFAX COUNTY

Lisa Weiss
and Michael Weiss

v.

Cassidy Development
Corp. et al.

August 18, 2003

Case No. (Law) 206766

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on June 20, 2003 on Defendants Cassidy Development Corp., The Fourth Dimension Design Studio, Inc., t/a Snyder Egbue Assoc., Inc., James F. Snyder, Emory Construction Co., and Thomas J. Bullis demurrers to the Amended Motion for Judgment. The matter was taken under advisement to determine whether the demurrers should be sustained. For the reasons set forth in this opinion letter, the Demurrers are ruled upon in the following manner. The demurrer of Defendant James Snyder to Count I is overruled. The demurrers of Defendants Thomas Bullis and Emory Construction Co. to Counts III, V, VI, and VII are sustained with prejudice. The demurrers of all Defendants to Count VIII are sustained with prejudice. The demurrer of Defendant James Snyder to Count IX is overruled. The demurrer of Defendants Bullis and Emory Construction Co. to Count IX are sustained with prejudice. The demurrer of Defendant Cassidy Development Corp. to Count X is overruled.

The facts of this case are set out in this Court's opinion letter of February 21, 2003 At that time, the Court ruled on Defendants' demurrers to the Motion for Judgment. On April 11, 2003, Plaintiffs filed an Amended Motion for Judgment.

*Analysis*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A). All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). In ruling on a demurrer, the court may not evaluate and decide the merits of a claim; it may only test the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

## Count I: Breach of Contract

Defendant James Snyder demurs to this Count on the grounds that he is not personally liable for breaching a contract between Cassidy Construction Co. (hereinafter Cassidy) and the Plaintiffs. James Snyder is president of both Cassidy and Snyder Egbue Associates (hereinafter Snyder Egbue). Plaintiffs allege that Snyder is personally liable for the activities of Snyder Egbue, as a joint venturer with Cassidy, because Snyder Egbue was no longer a valid Virginia corporation at the time of contracting.

Plaintiffs sufficiently allege that existence of a joint venture between Cassidy and Snyder Egbue for the purpose of building the Plaintiffs' home. *See Weiss v. Cassidy Devel. Corp.*, 61 Va. Cir. 237 (2003). The question of whether a joint venture exists is one for the trier of fact. *Roark v. Hicks*, 234 Va. 470, 475, 362 S.E.2d 711, 714 (1987).

Under Virginia law, the officers, directors, or agents of a dissolved corporation can be held personally liable for contracts entered into on behalf of the dissolved corporation. *McLean Bank v. Nelson*, 232 Va. 420, 428, 350 S.E.2d 651 (1986). Plaintiffs allege that Snyder Egbue was terminated as a valid Virginia corporation in November of 1999 and that James Snyder, as an officer, continued to carry on the business of Snyder Egbue, after its termination. *See* AMFJ, ¶ 6. The demurrer is overruled.

## Count III: Actual Fraud as to Defendants Bullis and Emory Construction for Misrepresenting its Expertise, Experience, and Licensing

## Count V: Actual Fraud as to Bullis and Emory Construction

*Count VI: Constructive Fraud as to Bullis and Emory Construction*

*Count VII: Negligent Construction as to Bullis and Emory Construction*

Under Virginia law, fraud is not actionable as a tort when the claims are based on a contract action, as in the instant case. *Richmond Metropolitan Auth. v. McDevitt Street Bovis,* 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). This Court's ruling regarding the Negligent Construction claim set out in the February 21, 2003, Opinion Letter applies equally to this demurrer. For those reasons and the reasoning contained herein, the demurrers of Defendants Bullis and Emory are sustained to the above counts with prejudice.

*Count VIII: Virginia Consumer Protection Act (VCPA)*

Under Va. Code § 59.1-200(2) and (5), it is unlawful to "misrepresent the source, sponsorship, approval, or certification of goods or services" or "misrepresent that goods or services have certain quantities, characteristics, ingredients, uses, or benefits."

In order to state a cause of action for violation of the Virginia Consumer Protection Act (VCPA), the plaintiff must allege a fraudulent misrepresentation of fact. *Lambert v. Downtown Garage, Inc.,* 262 Va. 707, 711, 553 S.E.2d 714 (2001). The misrepresentations must be judged by the common law standards of what constitutes a misrepresentation. *Id.* Allegations of misrepresentation of fact must include the elements of fraud: a false representation, of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.,* 256 Va. 553, 557-58, 507 S.E.2d 344 (1988). In addition, plaintiff must allege facts with requisite specificity, including identification of the agents, officers, and employees of the entities who are alleged to have perpetrated the fraud and the details of time and place of the fraudulent acts. *See Tuscarora v. B.V.A.,* 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978).

Once again, Plaintiffs have failed to allege all the elements of a misrepresentation of fact necessary to state a claim under the VCPA. Specifically, Plaintiffs fail to allege that the misrepresentations were of a material fact, as required under Virginia law. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.,* 256 Va. at 557-58. And, Plaintiffs fail to allege the details of the place of the fraudulent acts in the Motion for Judgment or the Amended Motion for Judgment. *See Tuscarora v. B.V.A.,* 218 Va. at 858. The demurrers of Cassidy, Snyder Egbue, and James Snyder are sustained with prejudice.

The Plaintiffs have failed to make any relevant allegations against Thomas Bullis and Emory Construction that are sufficient to state a claim for violation of the VCPA. The mere allegation that "in applying for the building permit, Defendants falsely stated that the value of the construction project was $500,000.00, although they knew the price of the project was in excess of $700,000.00" is insufficient for a VCPA claim. Furthermore, the above statement, as alleged, was never made to the Plaintiffs. This is clearly not an appropriate VCPA claim. The Bullis and Emory Construction demurrers are sustained with prejudice.

*Count IX: Breach of Warranty*

James Snyder demurs to this Count on the grounds that he was not a party to the construction contract that contains the warranties. Snyder states that the contract was entered into by Cassidy Development Corporation and the Plaintiffs. Bullis and Emory Construction demur, based on the same grounds.

Virginia Code § 55-70, Implied Warranties on New Homes, provides that the vendor, in every contract for the sale of a new dwelling, shall be held to warrant to the vendee that, at the time of the transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling with all its fixtures is, to the best of the actual knowledge of the vendor or his agents, sufficiently (i) free from structural defects, so as to pass without objection in the trade, and (ii) constructed in a workmanlike manner, so as to pass without objection in the trade. A vendor is defined under Virginia law as the person who transfers property by sale. *State Bd. Contractors v. Sedwick Bldg. Supply Co.*, 234 Va. 79, 82, 360 S.E.2d 169, 171 (1987).

In regard to James Snyder's individual liability under Breach of Warranty, the Court applies the same analysis set out in Count I: Breach of Contract, to overrule the demurrer. Cassidy entered into the construction contract with the Plaintiffs. A joint venture between Cassidy and Snyder Egbue has been sufficiently alleged. Whether, in fact, a joint venture exists is a question for the trier of fact. *Roark v. Hicks*, 234 Va. at 475. Because Plaintiffs allege that Snyder, as president, was conducting business for Snyder Egbue while it was allegedly a terminated Virginia corporation, Snyder may be individually liable for any business he conducted during its termination, in particular, the joint venture to construct the Plaintiffs' home. *McLean Bank v. Nelson*, 232 Va. at 428. Defendant Snyder's demurrer is overruled.

Neither Thomas Bullis nor Emory Construction is the vendor of the new home, in this case. Therefore, they cannot be held liable for breach of warranty under § 55-70.1. The Virginia Code clearly states that the vendor shall warrant

that a new home is free from structural defects and is constructed in a workmanlike manner. And, Virginia case law has held that a vendor is a person who transfers property for sale. *McLean Bank v. Nelson*, 232 Va. at 428. The construction contract between Cassidy and Plaintiffs was made for the purpose of selling the Plaintiffs a new house for the purchase price of $718,000.00. Defendants Bullis and Emory Construction were not party to that contract. The Bullis and Emory Construction demurrers are sustained with prejudice.

*Count X: Violation of § 18.2-216, Untrue, Deceptive, or Misleading Advertising*

Defendant Cassidy demurs to Count X on the grounds that Plaintiffs fail to state a cause of action for false advertising with reasonable precision.

Under Va. Code Ann. § 18.2-216, the use, in any advertisement, of "any promise, assertion, representation, or statement of fact which is untrue, deceptive, or misleading . . ." made with the "intent to sell" or "to induce the public" to enter into an obligation is prohibited. *See Henry v. R. K. Chevrolet*, 219 Va. 1011, 1014, 254 S.E.2d 66, 68 (1979). Any person who suffers a loss as a result of false advertising may bring an individual action to recover damages under § 59.1-68.3. Only non-oral advertisements are covered under the statute. *Id.* at 1015.

In *Weiss v. Cassidy Development Corp.*, 61 Va. Cir. 237 (2003), this Court held that Plaintiffs failed to allege that the "information" concerning Defendants' expertise was published with the "intent to sell" or "to induce the public to enter into an obligation," pursuant to § 18.2-216. In the Amended Motion for Judgment, Plaintiffs allege that Defendants Snyder, Snyder Egbue, and Cassidy published, disseminated, and circulated before the public and potential consumers, including Plaintiffs, written advertising information concerning their expertise in design and construction, with the intent to sell and to offer their services as an architectural and construction firm to the public. Defendant Cassidy's demurrer is overruled.