Present:  All the Justices

RICHMOND METROPOLITAN AUTHORITY

v. Record No. 980081    OPINION BY JUSTICE CYNTHIA D. KINSER
                                        November 6, 1998
McDEVITT STREET BOVIS, INC.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

This appeal involves claims for actual and constructive fraud arising out of a construction contract. Because any duty breached in this case exists solely by reason of the contract between the parties, we will affirm the judgment of the circuit court dismissing the causes of action for fraud.

I.

On August 31, 1984, Richmond Metropolitan Authority (RMA) entered into an "Agreement for Design-Build Construction, New Parker Field Stadium" (Design-Build Contract) with McDevitt Street Bovis, Inc., (McDevitt) for construction of the Diamond Baseball Stadium (the Diamond) in Richmond.  The Diamond's design criteria included 32 pre-cast/post-tensioned concrete structural members known as "bents" for its cantilevered roof and upper concourse seating.  Each bent was to have had hollow conduits containing steel tendons/bars.  After insertion and tensioning of the steel tendons/bars, the design criteria

required the injection of grout into each conduit. The grout was to be injected through protruding grout tubes. When the grout had set, the tubes were to be cut off flush with the surface of the bents and sealed. The purpose of the grout was to strengthen the bents, prevent corrosion of the steel tendons/bars, and enhance the structural integrity of the Diamond.

McDevitt built the Diamond during the winter of 1984-1985. In order to receive progress payments during the construction, McDevitt submitted "APPLICATION AND CERTIFICATE FOR PAYMENT" forms to RMA. Each such application contained a sworn statement by McDevitt that "[t]he undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents . . . ." McDevitt presented other documents to RMA, including "as-built" drawings, an Application for Final Payment, and an Affidavit of Payment and Certificate of Substantial Completion, in which McDevitt represented that it had constructed the Diamond in accordance with the design criteria set forth in the Design-Build Contract.

Around February 1996, RMA discovered that many of the conduits contained no grout or insufficient grout and that,

as a result, the steel tendons/bars in the conduits had corroded. According to RMA, McDevitt had sealed the empty tube openings with grout, thus giving the false impression that the conduits were filled with grout. RMA also learned that three conduits contained no steel tendons/bars. As a result of McDevitt's failure to construct the Diamond in accordance with the design criteria, RMA claims that the Diamond fails to meet applicable building code requirements and that the durability and strength of the structure are impaired.

On February 10, 1997, RMA filed suit against McDevitt.[1] In its motion for judgment, RMA alleged that McDevitt breached the Design-Build Contract (Count I) and committed actual and constructive fraud (Counts II and III, respectively). RMA based its allegations of fraud on McDevitt's misrepresentations in the construction documents submitted to RMA and on McDevitt's physical concealment of its noncompliance with the design criteria.

McDevitt filed a plea in bar asserting that the statute of limitations contained in Code § 8.01-246(2)[2] bars

---

[1] RMA also named an engineering firm hired to monitor construction of the Diamond as a defendant in the suit. RMA subsequently nonsuited the counts against that firm.

[2] Code § 8.01-246(2) establishes a five-year statute of limitations for an action on any written contract.

Count I and that the statute of repose, Code § 8.01-250,[3] precludes all three counts. On May 6, 1997, the circuit court sustained McDevitt's plea as to Count I of the motion for judgment and dismissed it. The court, however, overruled the plea in bar as to Counts II and III.

Thereafter, McDevitt moved for summary judgment on RMA's claims for actual and constructive fraud.[4] On October 27, 1997, the court entered an order sustaining the motion and granting judgment for McDevitt. In a letter opinion, the court explained that "[t]he particular instances of misrepresentation are duties and obligations specifically required by the contract," and that nothing "establishes

_____

[3] Code § 8.01-250 provides, in part, as follows:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

[4] For purposes of the motion for summary judgment, McDevitt asked the court to accept as true the allegations in RMA's motion for judgment and its answers to McDevitt's interrogatories.

that the duty breached is separate and independent from the contract." The court further stated:

> McDevitt promised to inject the grout, promised to submit accurate certificates for progress payments, promised to submit an accurate certificate of final completion and "as built" drawings, and promised to fill the grout tubes before cutting them off and sealing the tubes. McDevitt's failure to perform each and every one of these promises was a breach of its contract, not fraud . . . .

RMA appeals the circuit court's judgment with regard to Counts II and III.[5] McDevitt assigns cross-error to the circuit court's ruling that Counts II and III are not time-barred by Code § 8.01-250.

## II.

RMA asserts that McDevitt's misrepresentations that the Diamond was constructed in accordance with the criteria in the Design-Build Contract and its physical concealment of its noncompliance with the design criteria give rise to common law actions for constructive and actual fraud. Conceding that mere failure to inject grout into the conduits would constitute only a breach of contract, RMA asserts that McDevitt's false applications under oath to induce payments and its sealing the empty tube openings

---

[5] RMA does not assign error to the circuit court's dismissal of its breach of contract claim.

with grout are separate and independent wrongs that go beyond McDevitt's contractual duties.  We do not agree.

A plaintiff asserting a cause of action for actual fraud bears the burden of proving by clear and convincing evidence the following elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled."  Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994) (citing Bryant v. Peckinpaugh, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1993)).  Constructive fraud requires proof, also by clear and convincing evidence, "that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of . . . reliance upon the misrepresentation."  Mortarino v. Consultant Eng'g Serv., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (citing Alequin, 247 Va. at 148, 439 S.E.2d at 390).

In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained.  In Oleyar v. Kerr, Trustee, 217 Va. 88, 90, 225 S.E.2d 398, 399-400 (1976) (quoting Burks Pleading and

6

Practice § 234 at 406 (4th ed. 1952)), we distinguished between actions for tort and contract:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

We have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). However, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Id. (citing Spence v. Norfolk & W. R. R. Co., 92 Va. 102, 116, 22 S.E.2d 815, 818 (1895)).

In Foreign Mission Bd., the plaintiffs alleged that the defendant had failed to use ordinary care to protect them from continued sexual abuse. There was an oral contract between the parties; however, the plaintiffs brought suit not only for breach of contract but also for negligence. We affirmed the trial court's dismissal of the negligence count because the plaintiffs sought to "establish a tort action based solely on the negligent

7

breach of a contractual duty with no corresponding common law duty." 242 Va. at 241, 409 S.E.2d at 148.

With the principles enunciated in Oleyar and Foreign Mission Bd. in mind, we first address RMA's claim for constructive fraud. The essence of constructive fraud is negligent misrepresentation. See Mortarino, 251 Va. at 295, 467 S.E.2d at 782. In the present case, RMA's allegations of constructive fraud are nothing more than allegations of negligent performance of contractual duties and are, therefore, not actionable in tort. A tort action cannot be based solely on a negligent breach of contract.

Turning to the claim for actual fraud, we agree with the circuit court that each particular misrepresentation by McDevitt related to a duty or an obligation that was specifically required by the Design-Build Contract. McDevitt contracted to inject grout into the conduits, to fill the grout tubes before cutting them off and sealing them, to submit accurate applications for payments, and to present an accurate certificate of substantial completion and "as-built" drawings. McDevitt may have breached each one of these contractual duties, but its actions do not give rise to a cause of action for actual fraud, albeit McDevitt misrepresented its compliance with the design criteria.

8

Even on the concealment issue, RMA conceded during oral argument that the Design-Build Contract required that the ends of the grout tubes be cut off and sealed. Thus, this step was part of the construction process and not an action undertaken by McDevitt solely to hide its failure to inject grout into the conduits. In short, RMA has alleged only McDevitt's breach of contractual obligations "because no duty apart from contract to do what is complained of exists." Oleyar, 217 Va. at 90, 225 S.E.2d at 399. The source of any duty breached in this case is solely from the Design-Build Contract between the parties.

Citing the decision of the United States Court of Appeals for the Fourth Circuit in Flip Mortgage Corp. v. McElhone, 841 F.2d 531 (4th Cir. 1988), RMA, nonetheless, contends that McDevitt's submission of applications for payment containing misrepresentations constitutes actionable fraud. In Flip, allegations of fraud were based, in part, on the submission of false revenue reports almost from the beginning of the contractual relationship. Id. at 537. The Court of Appeals based its finding of actionable fraud, arising out of a contractual relationship, upon the fact that there was fraud in the inducement. The court viewed the false revenue reports as circumstantial evidence of the intent never to abide by the

terms of the contract.  Id.  The court concluded that Flip Mortgage had alleged a cause of action for fraud based on the principles enunciated by this Court in Colonial Ford Truck Sales v. Schneider, 228 Va. 671, 325 S.E.2d 91 (1985).  In Colonial Ford, we held that "the promisor's intention . . . [w]hen he makes the promise, intending not to perform . . . is a misrepresentation of present fact . . . [that] is actionable as an actual fraud."  Id. at 677, 325 S.E.2d at 94.

The present case is not one of fraud in the inducement.  Nothing in the record suggests that McDevitt did not intend to fulfill its contractual duties at the time it entered into the Design-Build Contract with RMA.  Therefore, RMA's reliance on Flip is misplaced.  We are likewise not persuaded by the rationale of the court in Vanguard Military Equip. Corp. v. David B. Finestone Co., Inc., 979 F. Supp. 401 (E.D. Va. 1997), a case relied upon by RMA.

In ruling as we do today, we safeguard against turning every breach of contract into an actionable claim for fraud.  The appropriate remedy in this case is a cause of action for breach of contract, which unfortunately is time-barred.

10

For these reasons, we will affirm the judgment of the circuit court.[6]

__Affirmed__.

---

[6] In light of our decision, we do not reach the parties' other arguments or the assignments of cross-error.