COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


KAREN A. PIERANGELINO

                                        MEMORANDUM OPINION*

v.    Record No. 1992-99-1                 PER CURIAM
                                         FEBRUARY 8, 2000
WILLIAM A. PIERANGELINO


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Frederick B. Lowe, Judge

            (Douglas Fredericks, on brief), for
            appellant.

            (Barry Dorans; W. Brantley Basnight, III;
            Wolcott, Rivers, Wheary, Basnight & Kelly,
            P.C., on brief), for appellee.


     Karen A. Pierangelino (mother) appeals the decision of the

circuit court denying her Motion to Set Aside Agreement and

Commissioner's Recommendation Based Upon the Agreement Concerning

the Custody of the Children.  The circuit court found that the

agreement between mother and William A. Pierangelino (father),

which was read into the record at the commissioner's hearing, was

"valid (not just facially valid)," and ratified, affirmed and

incorporated the agreement into the final decree of divorce

entered July 26, 1999.  On appeal, mother contends that the trial

court erred by (1) failing to find that the agreement was a

--------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

contract which could be set aside on the basis of fraud; (2) failing to find that her motion set forth a claim; and (3) failing to hear evidence on mother's motion. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Mother and father, both represented by counsel, entered into a separation agreement which was read into the record during the April 21, 1999 hearing before the commissioner in chancery. The parties agreed that no written contract would be produced and that the agreement resolved all issues between them. In pertinent part, the agreement provided that the parties would share legal custody and father would have physical custody of the children, with liberal visitation to mother; that neither party would relocate without notice to the court; and that therapy would continue for the older child. Neither party filed any exceptions to the report of the commissioner filed on May 21, 1999. By motion filed July 16, 1999, mother moved to set aside the agreement and sought joint legal and shared physical custody, alleging that the agreement was procured by fraud and was contrary to the best interests of the children. The trial court denied mother's motion, finding that mother's allegations concerning father's denial of visitation and other actions raised issues of enforcement of the agreement, not fraud in the inducement. Mother appealed.

-

## Discussion

Mother's motion to set aside the agreement entered into by the parties was based upon her allegations of fraud in the inducement. The trial court ruled that, at best, mother's contentions demonstrated that father was not complying with the terms of the agreement. We find no error in the trial court's decision to deny mother's motion.

To prove actual fraud, mother bore the burden to prove by clear and convincing evidence "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Bryant v. Peckinpaugh, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1993)). See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998).

> The general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. The reasons supporting this general rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. The very nature of a promise to do something in the future is such that its truth or falsity, as a general rule, cannot be determined at the time it is made.

Soble v. Herman, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940) (citations omitted). See also Motarino v. Consultant Eng'g Servs., 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996). Not every

-

instance of a party's failure to perform as anticipated under an agreement gives rise to a cause of action for fraud.  See Richmond Metro. Auth., 256 Va. at 560, 507 S.E.2d at 348.

We agree with mother's proposition, as an abstract statement of law, that an agreement ratified by a trial court pursuant to Code § 20-109.1 may be set aside on the basis of fraud.  However, under the circumstances of this case, that proposition is irrelevant.

At the July 23, 1999 hearing before the trial court, the court ruled that, regardless of the merits of mother's case, it would not conduct an extensive evidentiary hearing on mother's motion that day.  After hearing mother's argument, however, the trial court found that mother's allegations raised questions of enforcement, and did not affect the validity of the agreement. We agree.  Even the brief summary of expected testimony presented at the hearing indicated that the testimony would relate to incidents occurring after the agreement was finalized. There was no evidence proffered relating to a material fact existing at the time the agreement was entered.  Moreover, representations made at the hearing on mother's motion indicated that father had partially performed his obligations under the agreement by paying mother $40,000 in equitable distribution and attorney's fees.  Based upon the proffered testimony, we find no error in the trial court's decision not to conduct an additional evidentiary hearing on mother's motion.

-

The trial court ruled that the parties' agreement was valid and that mother's allegations were insufficient to support her claim that father fraudulently induced her to enter into the agreement.  The record supports that finding.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.