# CIRCUIT COURT OF FAIRFAX COUNTY

The Provident Bank

v.

Robert J. O'Brien, Jr., et al.

Case No. (Law) 181360

BY JUDGE MARCUS D. WILLIAMS

May 22, 2000

This matter is before the Court on Plaintiff The Provident Bank's supplemental memorandum in opposition to Defendant Robert J. O'Brien, Jr.'s Demurrer to Count VIII (Actual Fraud) and Motion for Reconsideration on Count II (Negligence), Count III (Professional Malpractice), Count IV (Constructive Fraud), and Count V (Negligent Misrepresentation) of Plaintiff's Motion for Judgment in the above-referenced case. On March 3, 2000, the Court sustained Defendant's Demurrer as to Counts II through V and overruled the Demurrer as to Counts VI and VII. The Court further allowed Plaintiff the opportunity to respond to Defendant's Demurrer as to Count VIII. For the reasons set forth in this opinion, the Court overrules the Demurrer as to Counts IV and VIII and denies the Motion for Reconsideration as to Counts II, III, and V.

## I. *Background*

Plaintiff is an Ohio corporation in the business of securing real estate loans and is authorized to do business in Virginia. Defendants Viny Bui and Robert O'Brien, Jr., are certified real estate appraisers. Defendant First Mortgage is a mortgage broker that transacts business in Virginia. On or about May 20 and May 22, 1997, Defendants Bui and O'Brien appraised property located in McLean, Virginia, on behalf of Plaintiff. Defendant First Mortgage

ordered the appraisals on behalf of Plaintiff in connection with a request by Duk-Ki Min to refinance his existing loan on the property.

Defendants Bui and O'Brien appraised the property as being worth $1 million. Plaintiff alleges that it relied on Defendants Bui and O'Brien's appraisals and extended a loan in the amount of $750,000 to Duk-Ki Min to refinance his existing loan on the property. The loan was secured by Mr. Min's personal residence. Duk-Ki Min defaulted on the loan, and subsequently, Plaintiff foreclosed on the property. The property was sold at a foreclosure sale on September 22, 1998, for $501,000. The deficiency balance due Plaintiff on the subject loan is $358,725.04. Plaintiff asserts that it conducted a reappraisal by another certified real estate appraiser after making its loan to Duk-Ki Min. That appraisal indicated that the value of the McLean property at issue was only $525,000, not $1 million as Defendants Bui and O'Brien had certified. On June 24, 1999, Plaintiff filed its Motion for Judgment against Defendants.

## II. *Analysis*

### A. *Count IV (Constructive Fraud); Count VIII (Actual Fraud)*

Defendant O'Brien contends that an action for actual and constructive fraud cannot be maintained when the duty breached arises solely by reason of a contract between the parties. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998). In *Richmond Metro.*, the plaintiff contracted with the defendant contractor to construct a baseball stadium according to certain design criteria. The defendant built the stadium and certified that the work was completed in accordance with the contract. The plaintiff later discovered that numerous conduits contained no grout or an insufficient amount of grout, causing the steel bars in the conduits to corrode. The plaintiff determined that the defendant attempted to conceal the fact that it had not filled the conduits with a sufficient amount of grout. In its motion for judgment, the plaintiff alleged that the defendant breached the contract and committed actual and constructive fraud. The Court stated that the fraud arose during the performance of the contract at issue. The Supreme Court of Virginia dismissed the causes of action for actual and constructive fraud because the duty breached arose solely by reason of a contract between the parties.

Defendant O'Brien argues that, like *Richmond Metro.*, the fraud here arises from contractual duties in the appraisal contract between appraisers Bui and O'Brien and First Mortgage. However, there is no allegation that Plaintiff

was a party to that appraisal agreement. The *Richmond Metro.* Court noted that the case before it was not one of fraud in the inducement, but rather was predicated on a breach of duty arising from a contract. See *id.* at 560, 507 S.E.2d at 348. In the instant case, Plaintiff has alleged fraud in the inducement. Plaintiff in its Motion for Judgment alleges that appraisers Bui and O'Brien made misrepresentations of material fact upon which Plaintiff relied to its detriment. These allegations were made in both the constructive fraud and actual fraud counts. Therefore, the holding in *Richmond Metro.* does not preclude an allegation of fraud in the inducement. Accordingly, Defendant's Demurrer is overruled as to Counts IV and VIII.

**B. *Count II (Negligence); Count III (Professional Malpractice); and Count V (Negligent Misrepresentation)***

Appraisers Bui and O'Brien contend that negligence and related tort theories of recovery will not support a cause of action for economic damages where the relationship between the parties is contractual.[1] In *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993), a corporation hired the defendant accounting firm to conduct an audit of its financial situation. Later, it was discovered that there were discrepancies in that audit. The plaintiff, sole shareholder of the corporation, relied upon those findings when he entered into a contract with another party. The plaintiff filed a motion for judgment against the defendant, alleging breach of contract and professional negligence.

The Court in *Ward* reiterated the general rule that privity of contract is essential in maintaining an action for damages in situations where there is negligent performance of a contractual commitment. The Court refused to carve out an exception to that rule in situations involving a non-party to a contract. No merit was found in the argument made by the plaintiff that accountants are different from attorneys and architects in that they are certified and invite the public to rely on their work. That argument failed to persuade the Court in *Ward* to adopt an exception to the privity requirement. The Court

---

[1] The Supreme Court of Virginia has noted that the "essence of constructive fraud is negligent misrepresentation." *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998) (citing *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996)). However, while Count IV as to Constructive Fraud is likened to negligent misrepresentation, the theory behind the Count is based on fraud in the inducement. As such, it is distinguishable from the constructive fraud alleged in *Richmond Metro.* where the court said that the allegations there were simply "negligent performance of contractual duties." *Id.* at 559, 507 S.E.2d at 347.

held that "while attorneys and architects are not certified, they are licensed to invite the public to rely on their professional competence, and they are regulated and disciplined in the performance of services to those who accept their invitation." *Id.* at 326, 435 S.E.2d at 632.

Negligence is actionable only for the violation of a duty to protect the safety of the person or property of another. *Id.* at 324, 435 S.E.2d at 631 (citing *Blake Constr. Co. v. Alley*, 233 Va. 31, 35, 353 S.E.2d 724, 726 (1987)). Thus, economic losses are not recoverable in tort as they are purely the result of disappointed economic expectations and no cause of action exists in such cases absent privity of contract. *Id.* at 326, 435 S.E.2d at 632 (citing *Copenhaver v. Rogers*, 238 Va. 361, 366, 384 S.E.2d 593, 595 (1989)). It is clear that tort claims are not available to Plaintiff because such economic losses are only recoverable in contract. Here, there is no privity of contract, which would allow Plaintiff to maintain its causes of action based on a negligence theory.

Plaintiff also relies on regulations and standards of the Real Estate Appraiser Board and Va. Code § 54.1-2009, *et seq.*, as a source of duty owed to Plaintiff independent of appraisers Bui and O'Brien's contractual obligations. Plaintiff cites *Richmond Metro.* for the proposition that if "the relation of the plaintiff and the defendant be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort." Plaintiff contends that the regulation created an independent duty of care. However, in the absence of an independent common law duty arising between the parties that supports any economic loss claims based on a tort theory, such regulations do not create legal duties that, if breached, are actionable at common law or under any Virginia statute. Rather, they provide a guideline for regulating the profession. *Boyd v. Commonwealth*, 236 Va. 346, 374 S.E.2d 301 (1988) (citing *Hannabass v. Ryan*, 164 Va. 519, 180 S.E. 416 (1935)) (supporting that common law is not to be considered as altered or changed by a statute unless the legislative intent is plainly manifest); see *Allen v. Lindstrom*, 237 Va. 489, 379 S.E.2d 450 (1989) (stating that rules of conduct promulgated in the Code of Professional Responsibility furnish no basis for private cause of action). Furthermore, these regulations do not apply in the absence of a contract and thus are not analogous to independent common law duties that may form the basis for tort recovery between contracting parties.

Along the same rationale, the Court in *Ward* found that there was no professional negligence within the meaning of the statute at issue in that case in the absence of privity. Any regulation defining professional responsibility, as seen in *Ward*, precludes a private cause of action in instances where privity

did not exist. As such, Plaintiff cannot rely upon regulations and standards of the Real Estate Appraiser Board or Va. Code § 54.1-2009 to establish a tort action.

### III. *Conclusion*

In the instant case, the fraud alleged was based on misrepresentations by appraisers Bui and O'Brien made to Plaintiff, which reached beyond the duty to perform based on the contract entered into by First Mortgage and Bui and O'Brien. Thus, Plaintiff can maintain its action for constructive fraud and actual fraud.

Absent privity of contract, economic losses are not recoverable based on tort theory. The *Ward* case is controlling. Thus, the sole remedy is based on contract law. Furthermore, Plaintiff cannot rely on regulations or a Virginia statute to establish an independent common law duty for tort recovery.

For the reasons articulated herein, the Court overrules Defendants' Demurrer as to Counts IV and VIII and denies Defendants' Motion for Reconsideration on Counts II, III, and V.

### June 23, 2000

This matter is before the Court on Plaintiff The Provident Bank's Motion for Clarification of a ruling that was entered on May 22, 2000, via an Opinion Letter.

Provident seeks clarification of a part of the Opinion Letter stating that "there is no privity of contract, which would allow Plaintiff to maintain its causes of action based on a negligence theory." That statement was written solely in the context of the Negligence Count. The statement should be construed to mean that there are no facts alleged establishing a contractual relationship that would enable Provident to recover under a separate negligence theory. Therefore, economic losses under such a theory cannot be maintained. See *Ward v. Ernst & Young*, 246 Va. 317, 325-26, 435 S.E.2d 628, 632 (1993) (citing *Copenhaver v. Rogers*, 238 Va. 361, 366, 384 S.E.2d 593, 595 (1989)).

Insofar as a direct contractual relationship is alleged, *Ward* would not apply to the Professional Malpractice Count. However, in this case, despite Plaintiff's contention in its brief that a direct contractual relationship has been alleged, there is no clear allegation that such a relationship exists. Plaintiff, in its First Amended Motion for Judgment, does not allege a direct contractual relationship between Provident and the defendant appraisers. Plaintiff only

alleges that "First Mortgage ordered the appraisals on behalf of Provident" (Paragraph 5), "Bui and O'Brien certified to Provident in their appraisals and agreed that all statements in the appraisals were true and correct" (Paragraph 16), "Defendants certified to Provident in their appraisals and applications and agreed that each appraiser's respective appraisal was made in conformity with the Uniform Standards of Professional Appraisal Practice" (Paragraph 17), "the appraisals were completed by Bui and O'Brien for Provident" (Paragraph 18), "Bui and O'Brien promised, contracted, or agreed with First Mortgage to provide appraisals in connection with the refinance of Duk-Ki Min's loan" (Paragraph 40), "Provident was a third-party beneficiary of the promises, contracts, or agreements between First Mortgage and Bui and First Mortgage and O'Brien" (Paragraph 41), and that the agreements between First Mortgage and the appraisers were made for the benefit of Provident (Paragraphs 42-43, 46). Thus, the *Ward* case, which dealt with a third-party beneficiary claim as in the present case, is controlling and defendant O'Brien's Demurrer is sustained as to that theory.

Mr. Appler will prepare an Order overruling the Demurrers as to Counts IV and VIII, as ruled, and denying the Motion for Reconsideration as to Counts II, III, and V, and circulate it to counsel for endorsement.