## CIRCUIT COURT OF FAIRFAX COUNTY

Jones

v.

Fairfax County
School Board et al.

November 18, 2002

Case No. (Law) 199227

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on October 18, 2002, on Defendant Fairfax County School Board's Motion *in Limine* to preclude Plaintiff from referring to, or offering any evidence of, non-economic losses at trial. The matter was taken under advisement to determine whether Defendant's Motion should be granted. For the reasons set forth in this letter opinion, the Motion *in Limine* is granted.

In the sole remaining count of the Plaintiff's Second Amended Motion for Judgment, the Plaintiff alleges that the Fairfax County School Board breached the written settlement agreement entered into by the parties in May of 2001 by making statements to the media that exceeded the scope of the statements permitted under the agreement. Specifically, Plaintiff alleges that as a direct and proximate result of Defendant's statements to the media concerning Ms. Jones, she was held to public ridicule, defamed in her professional competence, and placed in the public domain as a dishonest and untruthful person. (Second Am. Mot. for J. ¶ 18.) Plaintiff further alleges that, as a direct and proximate cause of Defendant's statements, she lost job opportunities and career positions that caused her to sustain significant loss of income. (*Id.*, ¶ 19.)

Defendant requests that this Court preclude the Plaintiff from referring in her opening statement to, or offering evidence of, any mental anguish, emotional distress, or humiliation allegedly suffered by her as a result of the

alleged breach of contract. Further, Defendant requests that Plaintiff be restricted from referring to, in her opening statement, or offering as evidence, any alleged injury to her reputation that is independent of a loss of an identifiable professional opportunity.

The sole issue for trial, in this case, is breach of contract. Absent a tort, damages for humiliation or injury to feelings cannot be recovered in a breach of contract action. *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 355, 297 S.E.2d 647 (1982) (citing D. Dobbs, *Handbook on the Law of Remedies*, § 12.25 (1973)). In order to succeed in such recovery, the duty breached must be a common law duty, not one existing between the parties solely by virtue of the contract, as in this case. See *Richmond Met. Auth. v. McDevitt Street Bovis*, 256 Va. 553, 559, 507 S.E.2d 344 (1998) (citing *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144 (1991)). Under her breach of contract claim, the Plaintiff cannot recover damages for humiliation or injury to feelings. As well, damages for emotional distress resulting from a non-tactile tort may be awarded only if the plaintiff alleges all the necessary elements of the tort. See *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160 (1991). No separate count alleging the independent, willful tort of emotional distress remains in the Plaintiff's pleadings, thus eliminating Plaintiff's ability to pursue recovery for such damage. *Kamlar Corp. v. Haley*, 224 Va. 699, 708, 299 S.E.2d 514 (1983). In addition, the doctrine of sovereign immunity shields the School Board from liability for tortious injuries. *Kellam v. School Board*, 202 Va. 252, 254, 117 S.E.2d 96 (1960). The Plaintiff may not refer to or offer any evidence of mental anguish, emotional distress, or humiliation suffered by her as a result of the alleged breach of contract.

Damages to one's reputation are typically alleged in defamation actions. *The Gazette v. Harris*, 229 Va. 1, 325 S.E.2d .713 (1985). Courts have universally rejected claims for damages to reputation in breach of contract actions. *Rice v. Community Health Ass'n*, 203 F.3d 283, 289 (4th Cir. 2000). General allegations of damage to reputation in breach of contract actions are too speculative and could not reasonably have been contemplated by the parties at the time the contract was formed. *Id.* But, consequential damages for loss of identifiable professional opportunities resulting from a contract breach may be recoverable. *Id.* Ms. Jones has alleged, in the breach of contract count, that, as a result of Defendant's statements allegedly made in breach of the settlement agreement, she has been publicly ridiculed, had her professional competence defamed, and is viewed by the public as dishonest and untruthful. Recovery of reputation damages may be possible if such damages regarding specific identifiable professional opportunities are proved. While Ms. Jones may not refer to any alleged general injury to her reputation, she may address

reputation injury as it relates to specific job opportunity losses. The Motion *in Limine* is granted.