**McKESSON MEDICAL–SURGICAL, INC., Plaintiff/Cross–Defendant,**

v.

**A.T. KEARNEY, Defendant/Cross–Complainant.**

**No. CIV. 3:02CV801.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 8, 2003.

Robert Francis Redmond, Jr., Clement Dean Carter, III, Jonathan Scott Campbell, Williams Mullen PC, Richmond, VA, for Plaintiff.

Robert Christopher Rice, Carrell Rice & Rigsby, Richmond, VA, Daniel Parker, Jr., Herndon, VA, Anne Shuttee, Legal Affairs Division, Plano, TX, for Defendant.

## MEMORANDUM OPINION

### (Defendant's Motion for Summary Judgment)

HUDSON, District Judge.

This case was before the Court on July 2, 2003 for oral argument on a number of motions, including the defendant A.T. Kearney, Inc.'s ("Kearney's") Motion for Summary Judgment. With respect to said motion, the Court denied each subpart except two: Kearney's motion to dismiss Count I based on the application of the economic loss rule to Plaintiff McKesson Medical–Surgical, Inc.'s ("McKesson's") constructive fraud claim; and Kearney's motion to dismiss those elements of damages McKesson supposedly failed to disclose in compliance with Federal Rule of Civil Procedure 26(a). The Court announced its ruling on the damages issue from the bench.

With respect to Count I of the Complaint, which alleges constructive fraud, McKesson contends that Kearney, through its agents, negligently misrepresented its expertise in industry-specific consulting services. Specifically, the Complaint maintains that Kearney fraudulently held itself out as having "directly relevant experience in sourcing medical supplies." Furthermore, according to the Complaint, Kearney's employees represented that McKesson would achieve millions of dollars in projected cost savings as a result of Kearney's proposed services. Kearney purportedly calculated the amount of its estimated cost savings, a number upon which McKesson allegedly relied, from its previous experience in sourcing medical supplies.

■■■ It appears to the Court that McKesson's legal theory underlying Count I is negligent fraud in the inducement, a subset of constructive fraud. To that end, Kearney contends that Count I improperly seeks contract damages by way of a tort action, which is barred by the economic loss rule. The economic loss rule prohibits recovery for purely economic losses *arising out of* contractual relationships. *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344 (1998). This rule is intended to "safeguard against turning every breach of contract into an actionable claim for fraud." *Id.* at 560, 507 S.E.2d 344. On the other hand, separate claims for breach of contract and tortious breach of duty can co-exist, provided that "the duty tortiously or negligently breached [is] a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. of the Southern Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144 (1991).

In support of its motion for summary judgment, Kearney argues that its allegedly improper action evolved not from a common law duty but from the contractual relationship itself. To bolster its position, Kearney relies on *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 540 S.E.2d 134 (2001). In that case, prior to leasing an

apartment in Defendant's apartment complex, the plaintiff inquired of Defendant's employees whether the development "was safe and whether there had been crime on and/about the property." *Id.* at 102, 540 S.E.2d 134. The employees advised Plaintiff that no crimes had been committed on the property and that it was safe when, in fact, numerous violent crimes had been committed therein. Thereafter, Plaintiff was shot during a carjacking that occurred on the premises.

Subsequently, Yuzefovsky filed suit against the apartment complex alleging a host of negligence claims including fraudulent inducement to enter into a contract. The trial court sustained St. John's Wood's demurrer to the fraudulent inducement claim on two grounds. First, the trial court ruled that the employees' representations concerning the safety of the premises were mere opinions; and second, the court held that no causal nexus linked the alleged fraud to the injuries Yuzefovsky sustained. On appeal, the Supreme Court of Virginia affirmed these holdings.

In the immediate case, as its legal basis for summary judgment, Kearney relies upon dicta the Virginia Supreme Court apparently added as a *nota bene* to its opinion in *Yuzefovsky,* inasmuch as it reaches beyond the argument of trial counsel. There, without explanation, the Supreme Court observed, "It is clear that the duty to refrain from making these statements relates to the contract Yuzefovsky was induced to sign, and not from a common law duty." *Id.* at 112, 540 S.E.2d 134.

■ Notwithstanding the Court's musings in *Yuzefovsky,* the United States Court of Appeals for the Fourth Circuit has continuously held that when a fraud precedes the formation of a contract, the duty breached is not contractual in nature, and thus, the economic loss rule does not apply. *City of Richmond v. Madison Mgmt. Group,* 918 F.2d 438, 446–47 (4th Cir.1990). Here, the alleged representations that form the basis of the constructive fraud claim were clearly made prior to the formation of the contract. Accordingly, Count I of McKesson's Complaint is not barred by the economic loss rule, and Kearney's Motion for Summary Judgment on this element of Count I will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.