14

# CIRCUIT COURT OF THE CITY OF RICHMOND

Sonya Y. Muhammad

v.

Marlon O'Brien
and Management Recruiters
of Berbardsville, Inc.

October 2, 2003

Case No. LR-293-4

BY JUDGE T. J. MARKOW

The parties came on the demurrer to the amended motion for judgment, and argument was heard.

In the amended motion for judgment, plaintiff alleges that defendants, who were operating as an employment agency under contract, found her a new position and gave her false information about the nature and stability of the new employer. Because of these representations, she was induced to leave her current employment and took the new job.

The new employer was in essence non-existent, which resulted in her being unemployed.

She pleads five counts. Count I: Professional Negligence; Count II: Breach of Contract; Count III: Violation of Consumer Protection Act; Count IV: Breach of Fiduciary Duty; and Count V: Fraud.

Defendants say that this court has no jurisdiction over them as they have no connection with the Commonwealth of Virginia and say that none of the Counts states a cause of action.

Defendants are probably correct that this court could not exercise personal jurisdiction over them except they have generally appeared by having filed several pleadings in this case, including this demurrer. That ground of the demurrer is overruled.

Defendants' demur to Count I in which plaintiff attempts to plead a cause of action for "Professional Negligence." The court sustains the demurrer.

Should these facts give rise to a tort claim for professional negligence, few breach-of-contract actions would remain. The facts pleaded by plaintiff state a cause of action for a traditional breach of contract case, nothing more, nothing less.

As to Count II, defendants also argue that there is no contract between the parties, as plaintiff gave no consideration and that the allegations are not specific as to the terms of the contract. They further state that plaintiff's claim for emotional injury is not allowed in contract actions.

The court finds that the amended motion for judgment adequately pleads that there was a contract between the plaintiff and defendants.

Further, it is alleged that the defendant breached the contract by inadequate performance and that the plaintiff suffered "incidental and consequential damages arising therefrom, including emotional injury." Amended Motion for Judgment, paragraph 16.

Plaintiff has not, however, pleaded facts which would give rise to damages for "emotional injury." The demurrer is sustained insofar as plaintiff claims personal injury type damages, such as emotional distress and mental anguish. It is overruled as to the breach of contract cause of action.

Count III attempts to state a cause of action for a violation of the Virginia Consumer Protection Act. Defendants say that this is barred by Va. Code Ann § 8.01-248, the one-year statute of limitations. This cannot be determined from the pleadings and decisions on this issue are reserved. Otherwise, plaintiff has stated facts which could support a finding that Va. Code Ann § 59.1-200(14) was violated. The demurrer to Count III is overruled.

Plaintiff fails to state a valid cause of action for "Breach of Fiduciary Duty" in Count IV. The demurrer is sustained to Count IV.

Plaintiff's Count V attempts to state a cause of action for fraud. The facts on which the defendants are alleged to have breached the contract, i.e., by giving the plaintiff false information about the apparent job opportunity, are the same facts upon which plaintiff supports her fraud claim, again an attempt to convert a breach of contract claim into a tort claim. Such an attempt cannot stand. See *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.* 256 Va. 553 (1998). The demurrer to Count V is sustained.

It is, therefore, ordered that the demurrer is sustained to Counts I, IV: Breach of Fiduciary Duty, and Count V: Fraud; it is overruled as to Count II and Count III except that decision is reserved on the statute of limitations objection to Count III and except that plaintiff has not alleged facts permitting recovery of emotional distress and mental anguish.