**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1804**

WATERSIDE CAPITAL CORPORATION; WESLACO HOLDING COMPANY, LLC,

Plaintiffs - Appellants,

and

CAPITALSOUTH PARTNERS FUND I, L.P.,

Plaintiff,

v.

HALES, BRADFORD & ALLEN, LLP; SALINAS, ALLEN & SCHMITT, LLP,

Defendants – Appellees,

and

HALES-BRADFORD, LLP; BILLY R. BRADFORD; DARRYL D. BAIRD,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:05-cv-00727-RBS)

Argued: January 26, 2009                    Decided: March 25, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge King and Judge Duncan joined.

**ARGUED:** Ann Burke Brogan, CROWLEY LIBERATORE & RYAN, P.C., Chesapeake, Virginia, for Appellants.   Brian Nelson Casey, TAYLOR & WALKER, P.C., Norfolk, Virginia, for Appellees.   **ON BRIEF:** Frank J. Santoro, Karen M. Crowley, MARCUS, SANTORO & KOZAK, P.C., Chesapeake, Virginia, for Appellants.   John Franklin, III, TAYLOR & WALKER, P.C., Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Waterside Capital Corporation, a Virginia corporation, appeals the district court's order dismissing, under Federal Rule of Civil Procedure 12(b)(6), its accounting malpractice complaint against Hales, Bradford & Allen, LLP ("HB&A"), a Texas accounting firm. Waterside claims that it loaned several million dollars to Caldwell/VSR, Inc. ("Caldwell"), a Texas-based manufacturer of window blinds and shutters, relying on audit reports that HB&A prepared for Caldwell. Later Caldwell filed a petition in bankruptcy, and Waterside discovered that HB&A's audits failed to expose substantial accounting irregularities in Caldwell's books.

In its complaint, Waterside asserted four causes of action and demanded $4 million in damages, plus late fees, costs, and attorneys' fees. In Count I, it claimed that HB&A, in preparing the audit reports for Caldwell for fiscal years 2001, 2002, and 2003, breached its accounting engagement contracts and that Waterside, as a lender relying on the reports, was a third-party beneficiary of the engagement contracts between Caldwell and HB&A, entitled to sue for the breaches. In Count II, Waterside alleged "professional malpractice" in that HB&A breached its "duty to observe professional standards in the conduct of its audit[s]." In Count III, Waterside alleged that HB&A was liable for "constructive fraud/negligent misrepresentation" when it

3

certified Caldwell's financial statements in the audit reports. And in Count IV, Waterside alleged fraudulent misrepresentation.

The district court granted HB&A's motion to dismiss as to Counts I, II, and III, and Waterside voluntarily dismissed Count IV. From the final judgment dismissing Counts I, II, and III, Waterside appeals. We affirm.

Count I alleges that Waterside is a third-party beneficiary of the accounting engagement contracts entered into between Caldwell and HB&A. Because the engagement contracts were formed and performed in Texas, Texas law governs whether Count I states a claim upon which relief can be granted. Texas law is cautious in finding persons to be third-party beneficiaries and allows courts to look only within the contract's "four corners" to determine whether the contracting parties intended to create a third-party beneficiary. See In re El Paso Refinery, LP, 302 F.3d 343, 354 (5th Cir. 2002); MCI Telecomms. Corp. v. Texas Utils. Elec. Co., 995 S.W.2d 647, 650-52 (Tex. 1999). "The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." MCI Telecomms., 995 S.W.2d at 651. In this case, the accounting engagement contracts between HB&A and Caldwell, entered into annually, provide no indication that the parties to those contracts intended to "confer a direct benefit" on Waterside. Similarly, HB&A's later letters,

4

transmitting copies of the audit reports and repeating what the reports certified, indicate no such undertaking. The engagement contracts were part of a routine annual practice of Caldwell and HB&A to have HB&A audit Caldwell's books and prepare its tax returns. Moreover, nothing in the factual circumstances alleged in the complaint suggests that the audit engagements were undertaken for the direct benefit of Waterside or to induce Waterside to make a loan to Caldwell. Thus, when applying Texas law, we conclude that it is not "plausible" that Waterside could prove that it was a third-party beneficiary of the engagement contracts entitled to sue under them. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (adopting a plausibility standard for deciding Rule 12(b)(6) motions).

Count II alleges professional malpractice by HB&A in auditing Caldwell's books. Regardless of whether this claim is governed by Virginia or Texas law, privity is a prerequisite for malpractice liability. See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 792 (Tex. 1999); Ervin v. Mann Frankfort Stein & Lipp CPAs, L.L.P., 234 S.W.3d 172, 176-77 (Tex. App. 2007); Ward v. Ernst & Young, 246 Va. 317, 323-24 (1993). Because it is undisputed that Waterside was not in privity with HB&A, Count II fails to state a claim upon which relief can be granted, regardless of which State's law applies.

Finally, Count III alleges "constructive fraud/negligent misrepresentation," claiming that HB&A constructively defrauded Waterside by reaffirming to it the audit reports of Caldwell's financial condition. The parties agree that this count is a tort claim governed by Virginia law, inasmuch as Waterside is a Virginia corporation and sustained any injury in Virginia. Virginia law bars recovery for purely economic losses due to negligence, unless the parties are in privity, see Ward, 246 Va. at 323-24, and a claim for "constructive fraud/negligent misrepresentation" is covered by this rule. See Richmond Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 559 (1998) ("The essence of constructive fraud is negligent misrepresentation"); Waytec Elecs. Corp. v. Rohm & Haas Elec. Materials, LLC, 459 F. Supp. 2d 480, 491-92 (W.D. Va. 2006) (finding a constructive fraud claim barred by Virginia's economic loss rule). Because Count III alleges only economic losses and Waterside was not in privity with HB&A, Count III also fails to state a claim upon which relief can be granted.

Accordingly we affirm the judgment of the district court.

AFFIRMED