## CIRCUIT COURT OF ACCOMACK COUNTY

Donald Penney
and Dana Penney

v.

Donald W. Brock
and Deanna Brock

April 24, 2012

Case No. CL 12-0010

By Judge Leslie L. Lilley

This motion craving oyer and demurrer came before the Court and were argued *ore tenus* on March 21, 2012. At the conclusion of the hearing, the Court took this matter under advisement and responds herewith to the pleadings and argument of counsel.

### I. *Facts*

The facts in this matter, for the purposes of demurrer, are set forth in the Complaint. Therein the plaintiffs, Donald Penney and Dana Penney, state that they entered into a construction contract with Donald Brock on October 6, 2009, for the construction of their personal residence to be located on Conquest Point Road, Hallwood, Virginia. The contract provided that Brock would construct the residence for $592,955.00. Donald Brock is a sole proprietor of D. W. Brock General Contractor, and the Complaint alleges that Deanna Brock, his wife, actively participated in the conduct and operation of the business.

The Complaint includes causes of action for breach of contract and fraud. The breach of contract count alleges that Brock failed to construct the residence in accordance with contract plans and specifications, specifically listing work that was omitted or was installed improperly. The Complaint further alleges that, in March 2011, Brock admitted to Plaintiffs that he could not finish the residence for the price specified in the contract. In

response, Plaintiffs advised Brock that they would not agree to his demand for additional payments. Thereafter, Brock abandoned the work, leaving a partially constructed residence.

The fraud count alleges that, at the outset of the work, Brock demanded and received an advance in the amount of $63,339.94. Plaintiffs allege that Brock did not apply the funds to pay subcontractors or purchase materials for construction, but rather took the initial draw and applied some portion, or all of it, towards personal purchases. By March 2011, Brock had submitted certifications and received payment for 67% of the contracted work ($400,000) even though the residence was only approximately 25% constructed ($150,000). Plaintiffs further allege that Deanna Brock, as book keeper for D. W. Brock General Contractor, participated in the fraudulent draw down of construction funds.

The Complaint further alleges that the contract between the parties specifies there will be draws during the contract, but that the contract did not require Brock to make certifications. In connection with periodic draw requests, Brock certified that the draw requests were for labor and/ or materials that he had actually paid for. Plaintiffs allege that the draw certifications were false and fraudulent.

## II. *Motion Craving Oyer*

A common law motion craving oyer requests the court force a party to file an operative document mentioned in the pleadings, but not attached. *See Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1916). A Defendant may crave oyer of all documents that are necessary to form a basis of Plaintiff's claim, as all essential parts of a pleading are necessary to form an intelligent construction of the pleadings. *See Culpepper Nat'l Bank v. Morris*, 168 Va. 379, 382, 191 S.E. 764 (1937).

In this matter, Defendants seek to have Plaintiffs append all plans and specifications, i.e., all related contract documents, to the Complaint. The parties' contract provides that the Standard Homes Plan Service Plans and Specifications are attached to the contract. As the Complaint alleges that Defendant failed to construct the residence in accordance with its plans and specifications, the plans and specifications are necessary to form a basis of Plaintiffs' claim. Therefore, the motion is granted.

As an additional note, the parties have advised the Court that the Defendants have the full set of plans and specifications. In consideration of the often voluminous nature of plans and specifications, the Court requests, but does not require, the parties to discuss which parts of the plans and specifications are necessary to form the basis of the Plaintiff's claim and, by agreement, file only those relevant documents. Otherwise, a complete a set of the plans and specifications must be filed.

In addition, the Court finds that Defendants have elected to proceed on their demurrer simultaneously with their motion craving oyer. Based on Defendants' representation that the additional documents are not required for determination of the demurrer, the Court will proceed with consideration of the demurrer.

## III. *Demurrer*

### A. *Standard of Review*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A). "A demurrer admits the truth of all properly pleaded material facts. `All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law'." *Dodge v. Randolph-Macon Woman's College*, 276 Va. 1, 5, 661 S.E.2d 801 (2008) (citations omitted). In addition, a court may examine not only the substantive allegations of the pleading being attacked, but also any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991).

### B. *The Source of Duty Rule*

The purpose of the source of duty rule is to avoid turning every breach of contract into a tort. The Supreme Court of Virginia "ha[s] consistently adhered to the rule that, in order to recover in tort, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* (citing *Spence v. Norfolk & Western RR.*, 92 Va. 102, 116, 22 S.E. 815, 818 (1895))." *Dunn Constr. Co. v. Cloney*, 278 Va. 260, 267, 682 S.E.2d 943 (2009).

In furtherance of that purpose, the Court has held that "[l]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004). A court is required to determine "whether a cause of action sounds in contract or tort," ultimately by ascertaining "the source of the duty violated." *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344 (1998). However, "a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages, including, where appropriate, punitive damages." *Dunn Constr. Co. v. Cloney*, 278 Va. 260, 682 S.E.2d 943 (2009).

From an early time, the Virginia Supreme Court has held that "an action based upon fraud must aver the misrepresentation of present pre-existing facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 363 (1928).

In *Abi-Najm v. Concord Condominium, L.L.C.*, 280 Va. 350, 699 S.E.2d 483 (2010), the Court recites an evolving history of its analysis under the source of duty rule:

> See *Dunn Construction*, 278 Va. at 268 ("the fact that the representation was made in order to obtain payment . . . does not take the fraud outside of the contract relationship."); *Augusta Mutual*, 274 Va. at 206, 645 S.E.2d 290 ("the duties [that the agent for the insurance company] allegedly violated by making fraudulent representations . . . arose solely by virtue of the Agency Agreement."); *Filak*, 267 Va. at 618 ([t]he plaintiffs' claim . . . merely sought recovery for losses allegedly suffered as a result of [the defendant's] failure to fulfill her oral contract."); and *Richmond Metro. Auth.*, 256 Va. at 560 ("Nothing in the record suggests that [the defendant] did not intend to fulfill its contractual duties at the time it entered into the [contract].").

While this recitation appears to conclude that any activity related to a contractual duty must sound in contract, the Court has carved out two noted exceptions: fraud in the inducement (see *Richmond Metro. Auth., id.*), and actions violative of the Virginia Consumer Protection Act (VCPA) (see *Abi-Najm v. Concord*, at 362, holding that "the duty not to misrepresent quality, grade, or style of goods is a statutory duty [under the VCPA] that exists independent of the Contracts entered into between the parties. . . ."). The exception for the VCPA is Intriguing in that if a fraud count is alleged as to quality, grade, or style of the product, the count will be barred by the source of duty rule. However, if pleaded as a VCPA violation, it is sustainable and triple damages can be recovered.

## C. *Fraud*

A proper allegation of actual fraud consists of six elements; "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316 (2005) (quoting *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85, 515 S.E.2d 291 (1999)). in addition, "the pleading must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and, since

fraud must be clearly proved, it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778 (1996) (quoting *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402 (1952)).

## D. *Application of the Source of Duty Rule*

The analysis involves the application of the source of duty rule to the dual counts of breach of contract and fraud to determine whether the fraud count can proceed. Two distinct arguments are advanced by counsel for the parties.

Counsel for the Defendants espouses the premise (paraphrased here) that, once a contract is formed and funds are paid as a part of the contract, "any evil" by and between the contracting parties is encompassed and governed by the contract. In such instances, allegations falling under the umbrella of the contractual relationship must be litigated exclusively under a breach of contract claim.

Counsel for the Plaintiffs acknowledges the source of duty rule and its applications in Virginia, but crafts his argument on the factual distinction that, here, the contract did not require construction draw certifications and thus the alleged fraudulent actions do not fall under the terms of the contract. Both parties acknowledge that fraud in the inducement can be paired with a breach of contract claim, but likewise acknowledge that the Complaint does not set forth facts to support this exception.

Counsel for the Defendants may well be correct in his interpretation of the Virginia Supreme Court's holdings with regard to the source of duty rule. No test or factors of consideration have been outlined by the Court to establish when fraud can be pleaded within a contractual relationship. Under current interpretations, the Court has broadly applied the source of duty rule limiting fraudulent actions evolving from a contractual relationship to fraud in the inducement or actions under the VCPA when consumer transactions are involved. This is true even though the Court recited in *Dunn*, "a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages, including, where appropriate, punitive damages." *Dunn Construction*, 278 Va. 260, 682 S.E.2d 943 (2009).

The application of the rule and the balance between contract and tort actions by the Court reflects public policy. While the purpose of the source of duty rule is to avoid turning every breach of contract into a tort, an overly broad application of this policy also encompasses acts of intentional fraud and acts subject to criminal prosecution. In those scenarios, the rule serves to shield the tortfeasor from the penalties of fraud and provides opportunities for the tortfeasor to avoid a judgment in favor of the plaintiff. It is difficult for this Court to believe such results are an intended consequence. Other

states have struck the balance differently. *See Grynberg v. Citation Oil & Gas Corp.*, 1997 S.D. 121 [573 N.W.2d 493, 501].) ("a contract is not a license allowing one party to cheat or defraud the other."); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 989-90, 22 Cal. Rptr. 3d 352, 102 P.3d 268 (2004) ("[c]ourts should be careful to apply tort remedies only when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be . . . to aid rather than discourage commerce." (citing *Erlich v. Menezes, supra*, 21 Cal. 4th at p. 554, 87 Cal. Rptr. 2d 886, 981 P.2d 978.) "In pursuing a valid fraud action, a plaintiff advances the public interest in punishing intentional misrepresentations and in deterring such misrepresentations in the future. . . . California also has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices." (citing *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1064 [80 Cal. Rptr. 2d 828, 968 P.2d 539. 19 Cal. 4th 1036, 80 Cal. Rptr. 2d 828, 968 P.2d 539] (1999)); *David v. Hett*, 293 Kan. 679, 699, 270 P.3d 1102 (2011) ("several jurisdictions have found the economic loss doctrine is not well suited for contracts to supply services because they are not subject to the well-developed law under the U.C.C.); *id.* at 701 ("the fact that the parties have a contractual relationship does not necessarily control the inquiry because legal duties may arise even though the parties also have a contract. . . .").

While this Court expresses concern with the result under the source of duty rule in factual situations such as alleged here, it is without authority to craft or expand exceptions to Virginia's application of the source of duty rule. For the reasons enumerated above, the fraud count in this action, as plead, cannot stand and the demurrer as to Donald Brock is sustained.

Turning to the fraud count against Deanna Brock, the demurrer is also sustained to the cause of action against her. The Court finds that the fraud count averred against Ms. Brock does not allege sufficient facts to maintain an actionable fraud against her individually. As she is not a party to the contract, the source of duty rule is inapplicable as to her.

Plaintiff is granted leave to amend within twenty-one days from entry of the order in this case.