## CIRCUIT COURT OF THE CITY OF ROANOKE

George F. Malpass, Jr.,
and Sherry B. Malpass

v.

Callahan Construction, Inc.,
and Robert M. Callahan

v.

Hardy Plumbing
and Heating Corp.

Case No. CL01-139

Callahan Construction, Inc.

v.

Hardy Plumbing
and Heating Corp.

Case No.CL00-341

October 30, 2001

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff homeowners contracted with Defendant construction company for the building of a house. After construction, Plaintiffs' house began to crack and buckle. Plaintiffs sued Defendant construction company claiming the damage to their home was due to Defendants' use of slag as a filler under

and around it. They alleged that the slag swelled and shrunk with changes in weather conditions, causing structural damage. That lawsuit was settled in consideration of an oral settlement agreement calling for the Defendants to correct the problems at Plaintiffs' residence. Plaintiffs now claim that the Defendant construction company, and its "owner," individually, are both bound by the settlement agreement and that they both failed to comply with its terms. Plaintiffs filed this lawsuit alleging a breach of oral contract, breach of warranty, ordinary and gross negligence, and fraud.

Defendant construction company and its "owner" demur arguing that this is a contract action and that, as such, Plaintiffs cannot claim negligence in the performance of the contract, fraud, or breach of warranties. They also claim that the "owner" settled the case in his representative capacity as agent for the corporation and not in his individual capacity. In addition Defendants filed a special plea for arbitration as well as a third-party motion for judgment against a subcontractor, the Defendant plumbing company.

Defendant plumbing company filed a motion to consolidate this action with another lawsuit filed against them by Defendant construction company. A default judgment has already been rendered against Defendant plumbing company in that case, although the damages have not yet been liquidated. Defendant plumbing company has also filed a plea of the statute of repose to shield them from the claims made by the Defendant construction company and its "owner." Thereafter, Defendant construction company and its "owner" filed a plea of the statute of repose against Plaintiff homeowner. All parties have argued their positions in writing.

### Negligence and Gross Negligence

Plaintiffs have sued Defendants alleging a breach of an oral settlement agreement. That is the heart of their claim against the Defendants. Their allegation of negligence and gross negligence arise as "a tort action based solely on the negligent breach of a contractual duty with no common law duty." *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558 (1998). In Virginia such an action cannot be maintained.

The demurrer is sustained as to the negligence claims.

### Actual Fraud

In order for a breach of contract and a fraud claim to exist at the same time, the fraud must occur as a result of the breach of a common law duty, and "not [be] one existing between the parties solely by virtue of the contract." *Richmond Metropolitan Auth., supra*, 558. In Plaintiffs' claim, the

allegation of fraud does not arise solely by virtue of the contract. Instead, the Plaintiffs have alleged a false representation of a material fact, made intentionally and knowingly, with intent to mislead, with reliance by the party misled and resulting damages. See *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (1990). This is a properly stated claim for fraud in the inducement. It is made independent of the terms of the contract. The demurrer to the fraud count is denied.

## Breach of Warranty

Plaintiffs' claim for breach of warranty is nothing more than a claim that certain specific express warranties were contained in the oral contract and that certain warranties arose from that contract by operation of law. Proof at trial of the terms of the oral agreement would answer the question as to whether or not these warranties exist. The argument that the warranties are subsumed by the contract ignores the difference between contract claims and warranty claims. "A good deal of confusion has arisen in many cases on this subject [warranty], from the unfortunate use made of the word warranty. Two things which have been confounded together. A warranty is an express or implied statement of something which the party undertakes shall be part of a contract, and, though part of the contract, yet collateral to the express object of it." *Mason v. Chappell*, 56 Va. (15 Gratt.) 572, 585 (1860). While a contract may be made and completed, its collateral warranty, which is nothing more than a promise that a particular proposition of fact related to the contract is true, may not yet be resolved. The law allows a suit for breach of warranty, just as it allows a suit for breach of contract. The two can exist simultaneously. In this case, Plaintiffs have properly alleged both. The demurrer to the warranty count is overruled.

## Arbitration

Defendants claim that the original contract to construct the Plaintiffs' home contained a broad arbitration clause which required and still requires the parties to submit their grievances concerning that contract to binding arbitration. They argue that the Court should suspend these proceedings and order the parties into arbitration. The relevant portions of that 1995 contract are as follows:

In the event a dispute arises between the parties relative to any matter of any nature whatsoever pertaining to or incidental to the rights of

any of the parties *by reason of this contract*, it is specifically agreed by all parties that the same shall be settled by arbitration.

(Emphasis added.)

That contract provision, while apparently binding on the parties, has absolutely nothing to do with this case. It only applies in controversies dealing with the original 1995 contract. That contract does not have anything to do with the oral settlement agreement that is the basis of this lawsuit. They are two different contracts. The first contract was one to build a house. The second contract is one to correct problems in that same house. While the original contract may possibly be used as a yardstick to measure damages resulting from the second contract, it is not what this lawsuit is about. As there is no allegation that the oral settlement agreement contains an arbitration clause, the Defendants' request for arbitration is denied.

### Statute of Repose

The 1995 contract is not a part of this action. The Plaintiffs are not requesting that the Court take any action with respect to it. Plaintiffs are instead asking for damages for the breach of an oral settlement agreement entered into in 1998. All arguments made by the parties concerning the statute of repose, § 8.01-250, Code of Virginia (1950), as amended, apply to the 1995 contract which is not involved in this case. Accordingly, the pleas of the statute of repose are denied.

### Individual Liability

Plaintiffs allege that Robert M. Callahan, individually, and Callahan Construction Co., Inc., entered into an oral contract to correct the problems at Plaintiffs' residence. Plaintiffs attached to its motion for judgment an undated letter on Callahan Construction Co., Inc., stationary signed by Robert M. Callahan, Owner, "that memorializes and summarizes *some* of the essential terms of the settlement agreement." Defendants argue that the letter is complete proof that Robert Callahan did not individually enter into an oral agreement with Plaintiffs. That is simply not correct. Broken down to its lowest common denominator, Plaintiffs' pleadings say that Robert M. Callahan entered into an oral contract and that a portion of the Plaintiffs' proof is attached to the pleadings. Until all of the evidence is presented, the Court is unable to determine whether or not Robert M. Callahan, individually, entered into a contract with Plaintiffs. Defendants' demurrer on the issue of the individual liability of Robert M. Callahan is more in the form of a

premature motion for summary judgment, which the Court overrules at this time.

### Consolidation

Third-party Defendant plumbing company has requested that the case in which a default judgment was rendered against it be consolidated with this action. Since the Defendant plumbing company was not a party to the oral settlement agreement, and since they did no work on the residence in question after the oral settlement agreement was made, that motion is denied.