## CIRCUIT COURT OF LOUDOUN COUNTY

Terence J. Tiernan, Jr.,
and Anna L. Tiernan

v.

NVR, Inc.,
t/a NVHOMES

February 10, 2005

Case No. (Law) 29703

BY JUDGE JAMES H. CHAMBLIN

On December 23, 2004, the Plaintiffs, Terence J. Tiernan and Anna L. Tiernan, filed a Motion for Reconsideration of the Court's Granting of Defendant's Motion to Compel Arbitration and Stay Proceedings (the "Motion for Reconsideration"). After consideration thereof and the Opposition to Plaintiff's Motion for Reconsideration filed on January 3, 2005, by the Defendant, NVR, Inc., t/a NVHOMES ("NVR"), the Motion for Reconsideration is denied without the need of further argument. The suspension of the effectiveness of that portion of the order entered January 3, 2005, granting the Motion to Compel Arbitration and Stay Proceedings, is lifted.

The Motion to Compel Arbitration and Stay Proceedings was granted after oral argument on December 3, 2004. It was granted because I felt that (1) the Purchase Agreement between the parties and the Limited Warranty referred to in paragraph 4 of the Agreement must be construed together as part of one agreement under the holding in *Countryside Orthopaedics v. Peyton*, 261 Va. 142 (2001), a case I am very familiar with, and the more recent case of *Parr v. Alderwoods Group, Inc.*, 268 Va. 461 (2004), and (2) the breach of contract claims asserted by the Plaintiffs are claims related to defects covered

by the Limited Warranty. The unusual aspect of this case is that the Limited Warranty contains an arbitration provision while the Agreement does not.

The Plaintiffs argue in their Motion for Reconsideration that compelling arbitration renders paragraph 24 of the Agreement meaningless. Paragraph 24 provides:

> 24. ENTIRE AGREEMENT. *This Agreement and the following listed riders and addenda (if any) are incorporated by reference or attached to and constitute the entire and final Agreement.* No other prior or contemporaneous agreements, representations, promises, or terms (written or oral) are part of this Agreement, but are superseded by this written contract. No additions or changes to this Agreement shall be valid or binding unless signed by an authorized officer of Seller and Purchaser.
> > *Addendum to Purchase Agreement*
> > *H.O.A. Addendum*
> > *Winter Wavier*
> > *Resite Addendum*
> > *Enhanced Product Addendum*
> > *Airport Addendum*

Paragraph 24 does not list the Limited Warranty as a rider or addendum incorporated into the Agreement. They do not argue that the Limited Warranty is unenforceable. They argue that the failure to mention the Limited Warranty in paragraph 24 "means that the warranty is not part of the parties' contract." I do not agree.

The issue is not whether the Limited Warranty is a rider or an addendum incorporated by reference into the Agreement. The issue is whether the Agreement and the Limited Warranty constitute one contract between the parties.

Paragraph 4 of the Agreement provides:

> 4. LIMITED WARRANTY. Purchaser acknowledges that he has received a copy of the Seller's limited warranty prior to execution of this Agreement, has received a copy of the warranty, and agrees to accept this warranty as the sole warranty being given to Purchaser. THE LIMITED WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF FREEDOM FROM STRUCTURAL DEFECTS, WORKMANSHIP, AND HABITABILITY CONTAINED IN SECTION

55-70.1 OF THE CODE OF VIRGINIA, ALL OF WHICH PURCHASER HEREBY WAIVES.

There is no need to incorporate by reference the Limited Warranty into the Agreement because the Limited Warranty represents the agreement that the Plaintiffs accept the Limited Warranty as the sole warranty of NVR being given to them relating to the subject property. The Plaintiffs agreed to be bound by the Limited Warranty.

Next, the Plaintiffs argue that the Agreement and the Limited Warranty cannot be construed as one contract because all factors of *Countryside* are not present in this case. *Countryside* did not establish certain specific elements that must be met before multiple agreements should be regarded as "parts of one transaction" and construed as "one and the same instrument." Such a finding must depend upon the circumstances of each case.

The Plaintiffs argue that the Agreement and the Limited Warranty should not be considered as one contract because only the Agreement was executed by the Plaintiffs and neither one governs the other, defines the other, or states that one is subject to the other.

The Plaintiffs may not have actually signed the Limited Warranty, but, under paragraph 4 of the Agreement, they acknowledged receipt of a copy of the Limited Warranty and agreed to accept it. They concede in their Motion for Reconsideration that the Limited Warranty is enforceable. I do not see how the Plaintiffs can argue that they did not "execute" the Limited Warranty. Their signatures to the Agreement are sufficient to constitute execution of the Limited Warranty.

The Agreement clearly refers to the Limited Warranty. Paragraph 4 provides that the sole warranty given to the Plaintiffs is the Limited Warranty. The Warranty provisions of the Agreement are governed by, defined by, and subject to the Limited Warranty. Under these circumstances, it is not necessary for the Limited Warranty to contain a reference to the Agreement.

For the foregoing reasons, I find that the Agreement and the Limited Warranty are "parts of one transaction" and should be construed as "one and the same instrument." Hence, the Plaintiff's claim for breach of the Agreement is subject to the arbitration provisions of the Limited Warranty.

Even if the Agreement and the Limited Warranty are not considered "parts of one transaction" and regarded as "one and the same instrument," the Plaintiffs' breach of contract claim relates completely to defects covered by the Limited Warranty and are, therefore, subject to arbitration. The Plaintiffs argue in their Motion for Reconsideration that their breach of contract claims are not warranty claims subject to arbitration. I do not agree with the Plaintiffs.

Count Four of the Amended Motion for Judgment reads as follows:

## COUNT FOUR
### (Breach of Contract)

35. Plaintiffs incorporate herein by reference paragraphs 1 through 34, above.

36. The contract between plaintiffs and NVHomes required NVHomes to construct a house in accordance with its plans and specifications, applicable building codes, industry standards and manufacturers' specifications, and free from construction and structural defects.

37. As stated herein, plaintiffs' house contained numerous latent defects of which plaintiffs had no knowledge at the time of closing, such that the house did not adequately perform the function for which it was intended and is not free from construction and structural defects.

38. Defendants have failed to perform the necessary remedial activities to correct the defects in plaintiffs' house.

39. NVHomes materially breached the contract with plaintiffs in the particulars previously described.

40. As a direct, foreseeable, and proximate result of NVHomes material breach of contract, plaintiffs have suffered damages in the amount of $500,000.00, or according to proof at trial, together with costs and fees.

As alleged, the breach results from "defects" in construction. Paragraphs 1 through 34 contain allegations of the following defects:

1. Cracking and shifting in the foundation;
2. Water leakage through cracks in the basement;
3. Floors and rooms not level; and
4. Walls not square.

These are defects covered by the Limited Warranty. The breach of contract claims and the warranty claims are factually identical. The defects are construction defects subject to the arbitration provisions of the Limited Warranty.

The Plaintiffs have nonsuited their express warranty claim, but that does not bolster their breach of contract claim.

The Plaintiffs cite *Malpass v. Callahan Construction, Inc.*, 57 Va. Cir. 116 (2001). In it, Judge Doherty of the Circuit Court of the City of Roanoke

succinctly states the difference between warranty claims and contract claims, as follows:

> The argument that the warranties are subsumed by the contract ignores the difference between contract claims and warranty claims. "A good deal of confusion has arisen in many cases on this subject [warranty], from the unfortunate use made of the word warranty. Two things have been confounded together. A warranty is an expressed or implied statement of something which the party undertakes shall be part of a contract, and, though part of the contract, yet collateral to the express object of it." *Mason v. Chappell*, 56 Va. (15 Gratt.) 572, 585 (1860). While a contract may be made and completed, its collateral warranty, which is nothing more than a promise that a particular proposition of fact related to the contract is true, may not yet be resolved. The law allows a suit for breach of warranty, just as it allows a suit for breach of contract. The two can exist simultaneously.

*57 Va. Cir. at 118.*

The Plaintiffs assert that they have a contract claim because the Agreement required the house to be built pursuant to the plans and specifications and the Building Code and the alleged defects show that the house was not built pursuant to the plans and specifications and the Building Code. As alleged in the Amended Motion for Judgment, the Plaintiffs closed on the sale in May 2000 and moved in and occupied the house in June 2000. This litigation arose thereafter.

The defects constituting a breach of contract as alleged by the Plaintiffs are, to use Judge Doherty's words, related to "a particular proposition of fact related to the contract." Hence, they are warranty claims. The Amended Motion for Judgment alleges that the Plaintiffs discovered the defects after they occupied the house. The alleged defects are related to construction, not a failure to construct. The Agreement contemplates that NVR would build a certain house, and, if, after it is built and conveyed to the Plaintiffs, construction or structural defects are discovered, then the Plaintiffs' remedy is found in the Limited Warranty with its arbitration provision. To construe the Agreement and the Plaintiffs' claims otherwise would render the Limited Warranty meaningless.

Lastly, the Plaintiffs argue that NVR is barred from enforcing the Limited Warranty provisions because generally a party who first materially breaches a contract is not entitled to enforce it. *Horton v. Horton*, 254 Va. 111

(1997). They assert that NVR first breached the terms of the Limited Warranty because it caused the defects, and, therefore, it cannot enforce the arbitration provisions. I do not agree with the Plaintiffs.

There has been no judicial determination that NVR has breached any agreement with the Plaintiffs. Arbitration provisions only come into play when there has been an alleged breach. If such an alleged breach were considered as a "first breach," then any arbitration provision would be rendered unenforceable. This would be contrary to Virginia public policy, which favors arbitration. See *TM Delmarva Power v. NCP*, 263 Va. 116 (2002).

The arbitration provision of the Limited Warranty, or of any agreement, does not tell the parties how to perform under the contract. An arbitration provision is a remedy provision. It only comes into play when it is alleged that a party failed to perform as required by the contract. The "first breach" rule concerns itself with performance under a contract. It is a rule of basic fairness. If a party to a contract has breached it, then it is just plain unfair to allow that party to enforce it against the other party who has subsequently breached it.

Any alleged "first breach" by NVR is not a bar to enforcing the Limited Warranty.