DECISION
This matter is before the Court for decision on Defendant, Quality Builders Warranty Corporation's (QBW), request for reimbursement of its litigation costs and expenses and an award of reasonable attorneys' fees.[1]
The Plaintiffs are homeowners who at the time of purchasing their home were issued a ten year warranty through QBW. The document itself, entitled "Limited Warranty Agreement," contains a precise itemization of what losses, damages and defects pertaining to the structure are covered and delineates the extent of time for each within which a homeowner can make a claim.
Near the top of the first page of the agreement in bold print is the following pertinent language: "NOTE: This Limited Warranty Agreement includes a procedure for informal settlement of disputes." Section VI of the agreement entitled "Complaint and Claim Procedure" outlines, in clear and unambiguous language, the four steps a homeowner must take to seek redress for alleged defects. Importantly, Step Four mandates that arbitration be a "condition precedent to the commencement of any litigation." Section VII of the agreement entitled "Legal Actions" unequivocally informs the homeowner that bypassing the dispute resolution procedure *Page 2 
will result in reimbursement to QBW for "all of its costs and expenses of litigation, including attorneys' fees."
Both Plaintiffs signed the enrollment form prefacing the "Limited Warranty Agreement" thereby acknowledging that they had received and read the agreement. See Tiernan v. NVR, Inc., 67 Va. Cir. 63 (2005) (Signature to agreement without separate signatures on "Limited Warranty" itself sufficient to constitute execution of warranty where receipt of copy of same was acknowledged).
"`An action alleging a breach of warranty is a subset of a breach-of-contract action.'" DeSouza v. Lauderdale, 928 So. 2d 1035,1044 (Ala. 2005) (quoting Turner v. Westhampton Court, LLC,903 So. 2d 82, 90 (Ala. 2004)).
Here, the parties freely contracted to submit any disputes which could not be resolved to arbitration. Under the agreement, a party who ignores this provision and leaps into litigation, as Plaintiffs did here, suffers the clearly articulated consequences of reimbursing the adversary he, in breach, forced into the courthouse. Thus, under the plain terms of the agreement the Plaintiffs are clearly responsible for reimbursement and costs, including a reasonable attorneys' fee. The attestation of the reasonableness of the latter by attorney Keith Kyle stands unchallenged. As to the sum requested, however, the Court would direct counsel to excise from the fee any sums associated with the pursuit of the pro hac vice admission of Pennsylvania attorney John Gill.[2]
Counsel for QBW Corporation shall prepare an order conforming to this decision.
[1] This litigation was previously stayed by the Court as the matter was ordered to arbitration. The Court was under the impression that all attendant issues, including the one at hand, were also in abeyance. Upon being informed through the clerk of court that counsel wished a resolution of the request for reimbursement, the Court proceeded to issue this decision.
[2] The Court does not believe that such a motion could be reasonably contemplated in this particular matter, the Supreme Court having ruled that "the criteria for the admission of out of state counsel in this case, particularly as regards the claim that the Rhode Island Bar lacks counsel experienced in the field of law applicable to the case, have not been satisfied." See Napier v. Quality Builders Warranty Corp., No. 05-114-A (R.I., filed Mar. 31, 2006) (Order). *Page 1